[No. A045636. First Dist., Div. Four. May 31, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
MONTE W. BLEVINS, Defendant and Appellant.

[Opinion certified for partial publication.*]

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part III.

**COUNSEL**

Fern M. Laethem, State Public Defender, under appointment by the Court of Appeal, Joan Y. Nosse and Jana J. Clark, Deputy State Public Defenders, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney

General, Laurence K. Sullivan and Ann K. Jensen, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

CHANNELL, J.—In this case, we analyze what constitutes a closely related offense within the meaning of *People* v. *Geiger* (1984) 35 Cal.3d 510 [199 Cal.Rptr. 45, 674 P.2d 1303, 50 A.L.R.4th 1055], requiring the trial court to instruct the jury on a lesser related offense. ▮ We find that for a lesser uncharged offense to be closely related to a greater charged offense, evidence of the lesser offense must be relevant to the issue of whether the defendant is guilty of the greater one. ▮ Applying this test, we find that the lesser offenses in this case were not closely related to the greater offense. We therefore reject the claim that the trial court erred by failing to give *Geiger* instructions and affirm the judgment.

### I. FACTS

On August 8, 1988, appellant Monte W. Blevins, while voluntarily under the influence of drugs, drove a truck belonging to another to Stony Point Road in Santa Rosa. He got out of this truck and approached another truck waiting at an intersection. Blevins pulled a gun on the truck's driver and fired at the side of the vehicle. The driver sped off. Blevins proceeded to a big rig further down the road and held up that driver. The driver left the rig; Blevins entered it, started it, and began ramming into vehicles on Stony Point Road. Witnesses testified that it looked as though he deliberately aimed at the other vehicles with the truck. Before police stopped him, Blevins hit 13 vehicles, injuring at least 25 people.

A jury convicted Blevins of twenty-six counts of assault with a deadly weapon (ADW) (Pen. Code, § 245, subd. (a)(1));[1] two counts of auto theft (Veh. Code, § 10851); and one count each of hit-and-run driving (*id.*, § 20001), robbery (§ 211), attempted robbery (§§ 211, 664), discharge of a firearm at an occupied vehicle (§ 246), assault with a firearm (§ 245, subd. (a)(2)), and being an ex-felon in possession of a firearm (§ 12021). He was sentenced to a total term of 20 years in state prison.

### II. LESSER RELATED OFFENSES

On appeal, Blevins contends his conviction on the ADW charges must be reversed because the trial court refused his request to instruct the jury on the lesser offenses of driving while under the influence (DUI) and reckless

---

[1] All code references are to the Penal Code unless otherwise indicated.

driving. (See § 245, subd. (a)(1); Veh. Code, §§ 23103, 23153, subd. (a).)

■ In *People* v. *Geiger, supra,* 35 Cal.3d 510, the California Supreme Court established a three-pronged test for determining when a jury must be instructed on a lesser related offense: (1) the existence of some basis, other than the unexplainable rejection of prosecutorial evidence, on which the jury could find the offense to be less than that charged; (2) a lesser offense that is closely related to the offense charged and shown by the evidence; and (3) the defendant's reliance on a theory of defense that would be consistent with a conviction for the related offense. (*Id.,* at pp. 531-532.) As the court recently restated this rule, a trial court is required to instruct on a lesser related offense "when the defendant requests it, provided the lesser offense is closely related to that charged and the evidence provides a basis for finding the defendant guilty of the lesser but innocent of the charged offense." (*People* v. *Toro* (1989) 47 Cal.3d 966, 974 [254 Cal.Rptr. 811, 766 P.2d 577].)

Here, the first and third prongs of *Geiger* are not in dispute. Blevins's taking and driving of the vehicles while under the voluntary influence of methamphetamine would support convictions for DUI and reckless driving. As these offenses require a lesser intent than ADW, Blevins's assertion that he did not have the requisite intent for ADW is consistent with convictions for the lesser offenses.

■ The issue on appeal is whether the lesser offenses of DUI and reckless driving are closely related to the greater offense of ADW within the meaning of *Geiger.* Blevins contends that they are closely related, citing two cases on the sufficiency of evidence to support a conviction for ADW when the weapon used is a vehicle, as in his case. (See *People* v. *Jones* (1981) 123 Cal.App.3d 83, 95-97 [176 Cal.Rptr. 398]; *People* v. *Cotton* (1980) 113 Cal.App.3d 294, 301-307 [169 Cal.Rptr. 814].) We are satisfied that there was sufficient evidence to support the jury's verdict on the ADW charges. However, this conclusion does not assist us in determining the critical issue on appeal—whether the offenses of DUI and reckless driving are closely related to the offense of ADW.

■ In setting forth that requirement the Supreme Court in *Geiger* explained that it was not necessary for the offenses to have an "inherent relationship" as that terminology had been defined in *United States* v. *Whitaker* (D.C. Cir. 1971) 447 F.2d 314 [144 App.D.C. 344] (i.e., that they "relate to the protection of the same interests, and must be so related that in the general nature of these crimes, though not necessarily invariably, proof of the lesser offense is necessarily presented as part of the showing of the commission of the greater offense." (*People* v. *Geiger, supra,* 35 Cal.3d at p. 521)). Instead, while agreeing "that the right to instructions on related offenses is not without limit" (*id.,* at p. 531), the court found the limits in

the purpose of the rule. They explained: "The right to instructions on related offenses exists only to enable the jury to determine fairly the issues presented by the evidence and in so doing to avoid any incentive to convict the defendant of a greater offense than that which he committed. The issues presented by the evidence are those related first to the defendant's guilt or innocence of the charged offense. *Although some evidence offered by the People or the defendant may indicate that the defendant has committed a crime other than that charged, instructions regarding that crime need not be given unless the evidence is also relevant to and admitted for the purpose of establishing whether the defendant is guilty of the charged offense.*" (*Ibid.,* italics added.)

In other words, the second prerequisite is established when the evidence offered by either side is relevant to and was admitted for the purpose of establishing whether the defendant is guilty of the charged offense. (*People v. Toro, supra,* 47 Cal.3d at p. 974.) ▮ Viewed in this manner, we conclude that Blevins cannot satisfy this prong of the *Geiger* test. He sought to defend against the ADW charges by introducing evidence of his voluntary intoxication, but voluntary intoxication is not a defense to a general intent crime such as ADW. (*People v. Hood* (1969) 1 Cal.3d 444, 458 [82 Cal.Rptr. 618, 462 P.2d 370]; see *People v. Rocha* (1971) 3 Cal.3d 893, 898-899 [92 Cal.Rptr. 172, 479 P.2d 372] [ADW is general intent crime].) As evidence of Blevins's voluntary intoxication was not relevant to establish whether he was guilty of the charged offense of ADW, the offenses of DUI and reckless driving were not closely related to ADW. Thus, the trial court did not err by refusing to instruct the jury on these other offenses. (*People v. Geiger, supra,* 35 Cal.3d at p. 531; see *People v. Toro, supra,* 47 Cal.3d at p. 974.)

### III.   SUFFICIENCY OF THE EVIDENCE*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

The judgment is affirmed.

Anderson, P. J., and Poché, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 15, 1990.

---

*See footnote, *ante,* page 1413.