[No. A046402. First Dist., Div. Two. Oct. 2, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
FRANK PIERCE MOORE, Defendant and Appellant.

[No. A048657. First Dist., Div. Two. Oct. 2, 1990.]

In re FRANK PIERCE MOORE on Habeas Corpus.

COUNSEL

Robert K. Calhoun, Jr., and Amy Ludlow for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Laurence K. Sullivan and Rene A. Chacon, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**PETERSON, J.**—Appellant was convicted after a jury trial of violating Penal Code[1] section 12021, which proscribes the possession of a firearm by

---

[1] All subsequent statutory references are to the Penal Code.

persons previously convicted of a felony. He contends the trial court erred when it refused to instruct the jury on what he contends is a lesser related offense, violation of section 417.2, which outlaws the brandishing of a replica firearm in a manner which induces fear of bodily harm in the victim. He also contends his trial counsel rendered ineffective assistance in improperly presenting an argument for this proposed instruction to the court. We reject these contentions because section 417.2 is not a lesser related offense which the trial court would be required to instruct upon in a prosecution for violation of section 12021.

## I. FACTS AND PROCEDURAL HISTORY

Appellant and appellant's brother were involved in a custody dispute which concerned appellant's young niece. In connection with the dispute, they paid a call on a certain house in Richmond and asked if the niece was there. They were told she wasn't and were asked to leave. Appellant was overheard uttering death threats, epithets, and obscenities while appellant's brother tried to calm him down. As they drove away, witnesses saw appellant with a pistol in his hand. He fired it several times out of the car; whether by accident or design, nothing was hit.

Appellant had previously been convicted of involuntary manslaughter, and more recently of certain felonies involving embezzlement and forgery of credit cards. He was charged with a violation of section 12021, possession of a concealable firearm by a felon. The trial court subsequently rejected as untimely the prosecutor's attempt to add charges of violation of section 12034, subdivision (d), discharging a firearm from a vehicle; and of section 246, shooting into an inhabited dwelling.

The case proceeded to jury trial. The jury was told it must accept as true the parties' stipulation that appellant was formerly convicted of a felony. Defense evidence was presented that the pistol was actually in the possession of appellant's brother, and was a starter gun rather than an actual firearm. However, prosecution witnesses were adamant that appellant had been holding the gun, which was an actual firearm; and that the shots fired sounded as if they were from a firearm rather than a starter gun.

During the settlement of the jury instructions, appellant's counsel sought instructions on a number of allegedly lesser related offenses including section 417.2, misdemeanor brandishing of a replica gun. Defense counsel later apparently withdrew his request for an instruction on section 417.2[2] based

---

[2] Section 417.2, subdivision (a) provided, at the time of the offense in early 1988, that "Every person who, except in self-defense, *draws* or *exhibits* a *replica* of a firearm *in a threatening manner against another in such a way as to cause a reasonable person apprehension or fear of bodily harm* is guilty of a misdemeanor." (Stats. 1987, ch. 597, § 1, p. 580, italics added.)

upon an erroneous belief that it had not been in effect at the time of the offense. The trial court in any event rejected all the proposed lesser related offense instructions: "[B]ecause of the very nature of the offense that he's charged with, I don't see that any of them constitutes a lesser [related offense] . . . within the meaning of [*People* v.] *Geiger* [(1984) 35 Cal.3d 510]."

The jury found appellant guilty as charged. Appellant was sentenced to the middle term of two years, and the one-year enhancement under section 667.5, subdivision (b) was ordered stricken. The trial court denied bail pending appeal, and observed that there did not appear to have been any error in the trial. Appellant timely appealed.

## II. Discussion

■ We affirm the trial court's ruling, that no instruction on misdemeanor brandishing of a replica firearm under section 417.2 is required in a prosecution under section 12021 for possession of an actual firearm by a felon, since the first crime is not a lesser related offense of the second under *People* v. *Geiger* (1984) 35 Cal.3d 510 [199 Cal.Rptr. 45, 674 P.2d 1303, 50 A.L.R.4th 1055].[3]

We observe, as an initial matter, that it is hard to see how any crime could be a lesser related offense of possession of a firearm by a felon under section 12021. The crime contains two elements, firearm possession and felon status, which simply do not lend themselves to close relationship with any other lesser crime. We also observe that there does not appear to be any reported case in which any crime has ever been held to be a lesser related offense of section 12021. In a case not cited by the parties, our Supreme Court ruled that brandishing of an actual firearm under section 417 is not a necessarily included offense of section 12021; and obviously, the same rationale would apply a fortiori to a replica firearm under section 417.2. (*Kellett* v. *Superior Court* (1966) 63 Cal.2d 822, 825, fn. 2 [48 Cal.Rptr. 366, 409 P.2d 206].) While *Kellett* does not literally foreclose section 417.2 here as a lesser related offense under *People* v. *Geiger*, *supra*, we conclude that section 417.2 is not a lesser related offense, based upon analysis of the statutory elements of the two crimes.

---

[3] *People* v. *Geiger*, *supra*, generally established the conditions under which a defendant is entitled to instruction on a lesser related offense as follows: The record must present "some basis" in the evidence to support a finding the lesser offense was committed; the lesser offense must be "closely related" to the charged offense shown by the evidence, i.e., evidence of the lesser crime must be relevant to and admitted to establish innocence or guilt of the charged offense; and finally, the case must involve the "defendant's reliance on a theory of defense that would be consistent with a conviction for the related offense." (35 Cal.3d at pp. 531-532; cf. 5 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Trial, § 2938, p. 3607.)

Section 12021, subdivision (a) provides in pertinent part that, "Any person who has been convicted of a felony . . . who owns or has in his or her possession or under his or her custody or control any firearm is guilty . . . ." Here, due to the stipulation of appellant to his ex-felon status, the only issue for the jury was whether appellant possessed a firearm. In short, in the context of this case, section 12021 penalized mere possession of the firearm by appellant. Even though the stipulation left only the firearm possession element to be decided by the jury (see *People* v. *Valentine* (1986) 42 Cal.3d 170, 179 [228 Cal.Rptr. 25, 720 P.2d 913] [when a defendant stipulates to his status as an ex-felon, evidence of the *nature* of his prior felony is properly withheld from the jury in post-Prop. 8[4] trials]), this element is not so "closely related" to the crime of brandishing of a replica under section 417.2 as to warrant a required instruction under *Geiger*. (35 Cal.3d at p. 531.)

Section 417.2 does not deal with firearms, but with replicas thereof; it does not deal with mere possession, but with placing the victim in fear of bodily harm. The criminal possession of one thing is not "closely related" to the possession and use of something else in order to place the victim in fear of bodily harm; the crime specified in section 417.2 is no more a lesser related offense of possession of a firearm per section 12021 than some misdemeanor breach of the peace would be. "Clearly a defendant has no general right to have the jury presented with a shopping list of alternatives to the crimes charged by the prosecution." (*People* v. *Geiger, supra,* 35 Cal.3d at p. 514; see also *People* v. *Brigham* (1989) 216 Cal.App.3d 1039, 1052, 1056 [265 Cal.Rptr. 486].)

The two crimes at issue in this case are not "closely related" within the meaning of *People* v. *Geiger, supra,* so as to warrant a required instruction. (See 35 Cal.3d at p. 531; accord, *People* v. *Blevins* (1990) 220 Cal.App.3d 1413, 1416-1417 [270 Cal.Rptr. 172].)

Further, *Geiger* and the dicta therein must be read in the context of the facts of that case and of the fundamental principle being defended there, the standard of reasonable doubt. In *Geiger*, the defendant admitted he broke the window of a business premises, but contended this was vandalism inspired by a fit of pique rather than burglary. Nothing seemed to have been taken from the premises. It was for the jury, therefore, to determine as a fact under proper instructions whether Geiger was guilty of vandalism on the one hand, or attempted burglary or burglary on the other hand. The Supreme Court determined it was necessary to give the jury the option of

---

[4]Proposition 8, an initiative measure, was adopted by the electorate in 1982; it added section 28 to article I of the California Constitution.

convicting defendant of the admitted crime of vandalism, in order to protect the standard of reasonable doubt applicable in criminal trials. A jury presented with a defendant's admission he was guilty of a lesser related crime must be allowed to convict him of that crime, rather than be forced to make the all-or-nothing choice to either convict him of a greater crime or let him off scot-free. (*People* v. *Geiger, supra*, 35 Cal.3d at pp. 516-517, 532.)

Here, by contrast, appellant never admitted he was ever holding any weapon or replica of a weapon; more importantly, he never admitted *brandishing* any weapon or replica, and claimed his *brother* was the one guilty of brandishing. The brother was clearly not guilty of being an ex-felon in possession of a firearm, and a *Geiger* instruction would have been overinclusive. Even though appellant might contend the evidence at most showed his brother was guilty of brandishing, no "prophylactic" instruction on a lesser related offense was necessary here based upon any admission of some fact consistent with *either* offense, so as not to "undermine the reasonable doubt standard." (35 Cal.3d at p. 532, fns. 12 and 13.) In fact, appellant denied he had any type of weapon in his hand. The defense theory that another person, not appellant, had brandished a weapon or replica was totally inconsistent with and irrelevant to appellant's commission or conviction of the lessor offense of violation of section 417.2. This failure alone of the defense theory to be consistent with commission of the alleged lesser related offense of violation of section 417.2 renders *Geiger* inapplicable.[5]

*People* v. *Boyd* (1985) 167 Cal.App.3d 36 [212 Cal.Rptr. 873], in which the record failed to support an instruction on the lesser related offense of exhibiting a firearm in a prosecution for robbery, is apposite here. The defendant in *Boyd* testified he neither robbed nor exhibited a firearm to the victim. "This testimony completely undermines his argument that if the jury did not believe him when he said he did not have a gun in his possession, they could believe that his possession thereof amounted only to . . . exhibiting a firearm . . . . [¶] . . . [Defendant's] denial of robbery, or use of a gun, [would be] completely inconsistent with . . . having possession of same." (*Id.* at pp. 47-48.) Finally, no "prophylactic" instruction was required here concerning evidence of the brother's activities. Those activities, if believed by the jury, could only have exculpated, rather than implicated, appellant. "[T]he right to instruction on related offenses is not without limit." (*People* v. *Geiger, supra*, 35 Cal.3d at p. 531.)[6]

---

[5] See footnote 3, *ante.*

[6] Even had a lesser related instruction involving the misdemeanor violation of section 417.2 been proper, the trial court was not, as appellant contends, required to so instruct sua sponte. Instructions on lesser related offenses may be *requested* by a defendant, but need not be given sua sponte. (*People* v. *Carrera* (1989) 49 Cal.3d 291, 310 [261 Cal.Rptr. 348, 777 P.2d 121].)

■■■ Since the trial court could and did properly reject appellant's proposed instruction on section 417.2 as a lesser related offense, appellant was not prejudiced by his counsel's failure to urge this contention more firmly due to his confusion regarding the effective date of section 417.2; that failure did not generate the instruction's refusal. Appellant is not, in any event, entitled to relief on habeas corpus for any prejudicial instance of ineffective assistance of counsel. (See *People* v. *Lewis* (1990) 50 Cal.3d 262, 288-289 [261 Cal.Rptr. 348, 777 P.2d 121].)

### III. DISPOSITION

The judgment of conviction is affirmed. The petition for habeas corpus relief is denied.

Smith, Acting P. J., and Benson, J., concurred.