[No. C013020. Third Dist. Nov. 4, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
DEWAYNE WHITFIELD, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

**COUNSEL**

Scott L. Fielder, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Michael J. Weinberger and Robert D. Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**PUGLIA, P. J.**—In the published portion of this opinion, we shall hold that the filing of an information tolls the period of limitations as to lesser related offenses which are based on the "same conduct" (Pen. Code, § 803, subd. (b)) as that which underlies the charged offense.[1]

Defendant was charged with a variety of sexual offenses committed against Margaret T. and Adonica H. A jury convicted him of 33 counts charging sexual offenses, including forcible oral copulation (Pen. Code, § 288a, subd. (c)), forcible rape (Pen. Code, § 261, subd. (a)(2)), forcible

---

[1]Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I, III, IV and V.

sodomy (Pen. Code, § 286), and penetration of genital or anal opening with a foreign object (Pen. Code, § 289). The jury found defendant used a deadly weapon in the commission of one of the sex offenses (Pen. Code, § 12022.3, subd. (a)) and acted in concert in respect to several of the others (Pen. Code, §§ 288a, subd. (d), 264.1). In addition, the jury convicted defendant of one count of second degree robbery (Pen. Code, § 211; further statutory references to sections of an undesignated code are to the Penal Code).

Defendant was sentenced to state prison for an aggregate term of 282 years.[2] He appeals contending the trial court erred (1) in denying his *Marsden* motions,[3] (2) in refusing his request to instruct on lesser related offenses, (3) in failing sua sponte to instruct on petty theft as an included offense of robbery, (4) in imposing cruel and unusual punishment, and (5) in failing completely to instruct on sodomy. We shall reverse defendant's convictions on three counts of forcible rape for error in failing to instruct on the lesser related offense of engaging in prostitution in violation of section 647, subdivision (b). In all other respects, we shall affirm.

In July 1990, defendant met Margaret T., a prostitute. They struck up a conversation and Margaret agreed to accompany defendant to his residence. Once there, defendant's demeanor changed. He slapped Margaret, told her "you're my bitch now," and threatened her. Defendant forcibly engaged Margaret in acts of rape, sodomy and oral copulation and penetrated her with a foreign object. Other men participated with defendant in several of the acts. Following the sexual assaults, Margaret was taken to the streets to work as a prostitute for defendant. She escaped when a customer picked her up.

On August 10, 1990, defendant apprehended Margaret walking on the street and forced her to accompany him to his residence. There defendant and other men again subjected Margaret to assaults similar to those perpetrated upon her in July.

On September 17, 1990, defendant met Adonica H. at a mall. Adonica was not a prostitute. They talked for a few minutes and Adonica agreed to go with defendant for a drink. Defendant took her to his residence, forced her to disrobe and told her "You're my bitch now." Adonica was forcibly subjected to acts of rape, sodomy and oral copulation with defendant and with other men acting in concert with defendant. At one point, while another man was forcing himself on Adonica, defendant took $2 or $3 dollars from Adonica's

---

[2]As the principal term, the court imposed the three-year midterm for second degree robbery (§§ 211, 213). The court imposed full consecutive upper terms for all the sex offenses (§ 667.6) and a three-year consecutive lower term for the deadly weapon enhancement.

[3]*People* v. *Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44].

purse. Adonica was eventually released and reported the attacks to the police.

Defendant testified Margaret and Adonica were prostitutes and that they each approached him first. He engaged in consensual vaginal intercourse with each of them in exchange for crack cocaine. He denied he engaged in other sex acts or assisted others in doing so.

I*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

II

Without specifying any particular counts, defendant requested the court instruct on violation of section 647, subdivision (b), engaging in prostitution (hereafter prostitution), as a lesser related offense.[5] The court, believing the statute of limitations had expired on the misdemeanor offense of prostitution, refused so to instruct.

Defendant contends the trial court's refusal to give the requested instructions on prostitution requires reversal of all sexual offense convictions. We conclude the instructions should have been given but only with reference to the charges of forcible rape. Since we find the failure to instruct prejudicial, reversal is required but only as to the rape convictions (counts 23, 33, and 34).

*People* v. *Geiger* (1984) 35 Cal.3d 510 [199 Cal.Rptr. 45, 674 P.2d 1303, 50 A.L.R.4th 1055] held a trial court is obligated, upon a defendant's request, to instruct the jury on lesser related offenses when (1) there exists "some basis, other than an unexplainable rejection of prosecution evidence, on which the jury could find the offense to be less than that charged," (2) the offense is "closely related to that charged and shown by the evidence," and (3) the instruction is "justified by the defendant's reliance on a theory of

---

*See footnote 1, *ante*, page 1654.

[5]Section 647 provides in relevant part: "Every person who commits any of the following acts is guilty of disorderly conduct, a misdemeanor: . . . (b) Who solicits or who agrees to engage in or who engages in any act of prostitution. A person agrees to engage in an act of prostitution when, with specific intent to so engage, he or she manifests an acceptance of an offer or solicitation to so engage, regardless of whether the offer or solicitation was made by a person who also possessed the specific intent to engage in prostitution. No agreement to engage in an act of prostitution shall constitute a violation of this subdivision unless some act, beside the agreement, be done within this state in furtherance of the commission of an act of prostitution by the person agreeing to engage in that act. As used in this subdivision, 'prostitution' includes any lewd act between persons for money or other consideration."

defense that would be consistent with a conviction for the related offense." (*Id.* at p. 531.) A defendant's right to lesser related instructions exists "to enable the jury to determine fairly the issues presented by the evidence and in so doing to avoid any incentive to convict the defendant of a greater offense than that which he committed." (*Ibid.*)

At trial defendant admitted he engaged in acts of vaginal intercourse with Margaret and Adonica, but claimed the acts were consensual in exchange for drugs. Defendant denied committing or assisting anyone in committing any other sexual acts with these women.

The People contend lesser related instructions on prostitution were not required because (1) prostitution is not an offense closely related to rape, and (2) prostitution was time-barred by the statute of limitations.[6]

Citing *People* v. *Farrow* (1993) 13 Cal.App.4th 1606 [16 Cal.Rptr.2d 844], the People argue prostitution is not closely related to rape because the two offenses address distinct societal interests: the societal interest in proscribing rape is to prevent assaultive crimes and secure the safety of the individual, whereas the societal interest in proscribing prostitution is to ensure a certain level of moral conduct and to protect those who engage in prostitution from being preyed upon by pimps, panderers, drug pushers, and those of similar ilk.

*Farrow*, in fact, rejected the societal interests test and those cases which had " 'unreflectively relied' on Geiger's 'same societal interest' factor as a virtual sine qua non for establishing the existence of Geiger's 'closely related' criteria for the giving of instructions on lesser related offenses."[7] (*Farrow, supra,* 13 Cal.App.4th at pp. 1622-1623.)

The *Farrow* court opined that *People* v. *Blevins* (1990) 220 Cal.App.3d 1413 [270 Cal.Rptr. 172] set forth the appropriate test for determining whether a lesser offense is closely related to a greater offense. (*Farrow, supra,* 13 Cal.App.4th at p. 1623.) *Blevins* held: "[T]he second prerequisite [of *Geiger*] is established when the evidence offered by either side [which

---

[6]In his reply brief, defendant contends the People's failure to advance the theory that prostitution is not closely related to rape bars reliance on that theory on appeal. Where, as here, a theory presents only a question of law on facts appearing in the record, the theory may be raised for the first time on appeal. (*People* v. *Carr* (1974) 43 Cal.App.3d 441 [117 Cal.Rptr. 714].)

[7]The *Farrow* court identified these "unreflective" cases as *People* v. *Boyd* (1985) 167 Cal.App.3d 36 [212 Cal.Rptr. 873]; *People* v. *Santos* (1990) 222 Cal.App.3d 723 [271 Cal.Rptr. 811]; *People* v. *Hill* (1992) 6 Cal.App.4th 33 [8 Cal.Rptr.2d 123]; and *People* v. *Araujo* (1992) 10 Cal.App.4th 700 [12 Cal.Rptr.2d 662]. (*Farrow, supra,* 13 Cal.App.4th at p. 1622.)

would support the giving of instructions on a lesser related offense] is relevant to and was admitted for the purpose of establishing whether the defendant is guilty of the charged offense." (*Blevins* at p. 1417.) In other words, ". . . for a lesser uncharged offense to be closely related to a greater charged offense, evidence of the lesser offense must be relevant to the issue of whether the defendant is guilty of the greater one." (*Blevins* at p. 1415.)

Accordingly, if the jurors believed defendant's testimony that he traded drugs for consensual sexual intercourse, they would have acquitted him of the rape charges. Thus, evidence the charged rapes were simply acts of prostitution is relevant to the determination of defendant's guilt of the greater charges. Under these circumstances, prostitution is an offense closely related to rape.

We must now determine whether the statute of limitations had run on prostitution. ■■ With the exception of capital cases, (see *Spaziano* v. *Florida* (1984) 468 U.S. 447, 456 [82 L.Ed.2d 340, 349-350, 104 S.Ct. 3154]), the statute of limitations is jurisdictional and may not be waived. (*People* v. *Chadd* (1981) 28 Cal.3d 739, 757 [170 Cal.Rptr. 798, 621 P.2d 837]; *People* v. *McGee* (1934) 1 Cal.2d 611, 613-614 [36 P.2d 378].) As a consequence, a trial court is under no duty to instruct on a lesser included offense which is time-barred since the defendant cannot be convicted of it. (*People* v. *Diedrich* (1982) 31 Cal.3d 263, 283 [182 Cal.Rptr. 354, 643 P.2d 971]; *People* v. *Vallerga* (1977) 67 Cal.App.3d 847, 878-883 [136 Cal.Rptr. 429].) A fortiori, a defendant may not be convicted of a lesser related offense which is time-barred. (*People* v. *Brice* (1988) 206 Cal.App.3d 111, 114-115 [253 Cal.Rptr. 370].) It follows that a trial court is not required to give requested instructions on lesser related offenses which are barred by the statute of limitations. (*People* v. *Ognibene* (1993) 12 Cal.App.4th 1286, 1289-1290 [16 Cal.Rptr.2d 96].)

■■ The maximum punishment for prostitution, a violation of section 647, subdivision (b), is six months in the county jail and a fine not exceeding $1,000. (§ 19.) Section 802 provides in pertinent part: "(a) Except as provided in subdivision (b), prosecution for an offense not punishable by death or imprisonment in the state prison shall be commenced within one year after commission of the offense." A violation of section 647, subdivision (b) is not one of the exceptions listed in subdivision (b) of section 802. Thus, the one-year limitation period is applicable to prostitution.

Section 803 provides in pertinent part: "(a) Except as provided in this section, a limitation of time prescribed in this chapter is not tolled or extended for any reason. (b) No time during which prosecution of the same

person for the same conduct is pending in a court of this state is a part of a limitation of time prescribed in this chapter."

Section 804 provides in pertinent part: "For the purpose of this chapter, prosecution of an offense is commenced when any of the following occurs: (a) An indictment or information is filed. . . ."

The information charged defendant with two counts of forcible rape occuring on August 10, 1990 (counts 33 and 34) and one count of forcible rape occuring on September 17, 1990 (count 22). Unless tolled by the filing of the information (§§ 803, subd. (a); 804, subd. (a)), the one-year statute of limitations on prostitution as an offense lesser related to those charged rapes would have run on August 10, 1991, for counts 33 and 34 and on September 17, 1991, for count 22.

The information was filed on January 15, 1991, and tolled the statute of limitations not only as to the charged rapes but also as to offenses based on "the same conduct" as the charged rapes (Pen. Code, § 803, subd. (b)). The issue thus narrows to whether the related offense of prostitution is based on the "same conduct" as the charged rapes.

The Law Revision Commission comment to section 803 states that "[t]he test of the 'same conduct,' involving as it does some flexibility of definition, states a principle that should meet the reasonable needs of prosecution, while affording the defendant fair protection against an enlargement of the charges after running of the statute. . . ."

Thus, where an action is dismissed and refiled after the period of limitations, the prosecutor may charge offenses based on the "same conduct" as the dismissed action because the filing of the original action tolls the statute of limitations not only as to those offenses charged in the original action, but also as to offenses based on the "same conduct."[8]

Here, the "conduct" at issue was sexual intercourse between defendant and respectively, Margaret and Adonica, both of whom claimed the

---

[8]The statute of limitations problem sometimes arises in the situation where the charges are dismissed and the prosecutor reinstitutes the prosecution by filing a new accusatory pleading charging offenses which are different from but related to those in the dismissed pleading. Former section 802.5 (repealed Stats. 1984, ch. 1270, § 1, p. 4335), the antecedent to section 803, subdivision (b), provided in part: ". . . no time during which a criminal action is pending is a part of any limitation of the time for recommencing that criminal action in the event of a prior dismissal of that action, subject to the provisions of Section 1387." (Stats. 1981, ch. 1017, § 3, p. 3927.) In its comment to section 803, subdivision (b), the Law Revision Commission explained: "Subdivision (b) continues the substance of former Section 802.5. The limitation of former Section 802.5 that permitted recommencing the same 'criminal action' is replaced by the broader standard of prosecution of the 'same conduct,' drawn from Model Penal Code § 1.06(6)(b). The former law that provided tolling only for a

conduct constituted rape while defendant claimed it was in each case simply an act of prostitution. Since the prostitution offenses were based on the same conduct as the rapes for which defendant was being prosecuted, the filing of the information tolled the one-year statute of limitations. (§ 803, subd. (b).) Therefore, the instructions requested by defendant on the lesser related offense of prostitution should have been given.

*People* v. *Brice, supra,* 206 Cal.App.3d 111, is not inconsistent with our holding. In that case, defendants were charged by information on June 24, 1981, with murder. The victim had been killed on March 10, 1981. At defendants' request the trial court instructed the jury on the lesser related offense of accessory to murder (§ 32) and the jury convicted defendants of that offense. The Court of Appeal reversed, holding that the statute of limitations is jurisdictional and cannot be waived by consent or otherwise and therefore the convictions for a ccessory were barred by the three-year statute of limitations for that offense (206 Cal.App.3d at pp. 114-115). The court explained the crime of accessory took place the day after the victim's death, on March 11, 1981, and trial commenced in late 1984, more than three years thereafter and thus too late to amend the information to allege a violation of section 32 (206 Cal.App.3d at p. 114).

Section 803, subdivision (b), which tolls the period of limitations during "prosecution of the same person for the same conduct," was added by chapter 1270 of the Statutes of 1984 (chapter 1207) as part of a comprehensive revision of the provisions governing the time of commencing criminal actions. Section 806, a part of chapter 1207, specifies as a general rule that ` chapter 1207 applies "to an offense that was committed before, on, or after" January 1, 1985 (§ 806, subd. (b)). However, the applicable pre-January 1, 1985, law applies to an offense committed before that date if "prosecution for the offense would be barred on [January 1, 1985] by the limitation of time applicable before [that date]" (§ 806, subd. (c)(1)) or ". . . prosecution for the offense was commenced before [January 1, 1985]." (§ 806, subd. (c)(2).)

In *Brice,* both exceptions to the general rule stated in section 806 apply: prosecution of accessory for murder was barred by the limitation of time applicable before January 1, 1985, and the prosecution had been commenced before that date. Thus, subdivision (b) of section 803 which tolls the period of limitations during "prosecution of the same person for the same conduct," had no application to the *Brice* case.

We believe the refusal to instruct on prostitution was prejudicial. We cannot say that a properly instructed jury could not have believed defendant's testimony as to the rape charges and found that he in fact engaged in

subsequent prosecution for the same offense was too narrow, since the dismissal may have been based upon a substantial variation between the previous allegations and the proof."

consensual acts of intercourse with Margaret and Adonica and only thereafter resorted to forcible sexual conduct. We note that the jury did acquit on several counts which charged forcible oral copulation and forcible sodomy (counts 16, 18, 21, 26, 43, and 48). The convictions for rape charged in counts 22, 33, and 34 must be reversed.

III-V*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

The convictions for rape charged in counts 22, 33, and 34 are reversed. In all other respects, the judgment is affirmed.

Sims, J., and Scotland, J, concurred.

A petition for a rehearing was denied November 30, 1993.

---

*See footnote 1, *ante*, page 1654.