[No. F026943. Fifth Dist. Mar. 23, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHNNIE ANGEL, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II, III, IV and V.

**COUNSEL**

George L. Mertens, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Roger E. Venturi and Anthony L. Dicce, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ARDAIZ, P. J.**—On August 3, 1995, an information was filed in Fresno County Superior Court, charging appellant Johnnie Angel with 30 counts of forcible lewd conduct on a child under the age of 14 (Pen. Code,[1] § 288, subd. (b)); 9 counts of forcible oral copulation on a child under the age of 14 and more than 10 years younger than appellant (§ 288a, subd. (c)); 16 counts of forcible oral copulation (§ 288a, subd. (c)); 17 counts of lewd conduct on a child of 14 or 15 years of age who was at least 10 years younger than appellant (§ 288, subd. (c)); and 2 counts of forcible rape (§ 261, subd. (a)(2)). After reserving the right to demur to the information, appellant pleaded not guilty.

On July 22, 1996, appellant's demurrer was sustained as to 38 counts. The counts were then renumbered, leaving appellant charged with nine counts of violating section 288, subdivision (b) (counts 2, 4, 6, 8, 10, 12, 14, 16, 18); nine counts of violating section 288a, subdivision (c) with a child under age fourteen and more than ten years younger than appellant (counts 1, 3, 5, 7, 9, 11, 13, 15, 17); sixteen counts of forcibly violating section 288a, subdivision (c) (counts 19-34); and two counts of violating section 261, subdivision (a)(2) (counts 35-36).

Jury trial began on August 5, 1996. On August 22, appellant was found guilty as charged, with the exception that the jury convicted him of unlawful sexual intercourse (§ 261.5) on count 35. He was subsequently sentenced to 212 years in prison and ordered to pay various fines. This timely appeal followed. In the published portion of this opinion we conclude counts 1 through 18 must be reversed for violating the statute of limitations, as section 803, subdivision (b), does not apply. In all other respects we affirm.

**FACTS**

Michelle A., born July 14, 1975, first met appellant when she was seven years old and he was dating her mother. Appellant moved into the household when Michelle was seven; he and her mother married when Michelle was ten.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

Beginning when Michelle was seven years old and continuing until she was sixteen, appellant molested her on numerous occasions. There was never a month's span in which he did not molest her, although the molestation did stop for a time during 1983 when Michelle's mother and appellant briefly separated. Acts included fondling of the genitals, oral copulation, attempted sodomy, sodomy, attempted intercourse, intercourse, and vaginal penetration with a brush handle, lotion or shampoo bottles, and a plastic penis. On some occasions, appellant had Michelle smoke marijuana or use cocaine before he molested her. Sometimes he showed her adult movies.

In 1990, Michelle's mother and appellant separated, and appellant moved out of the house. In 1992, Michelle—still wanting the father figure that appellant represented to her—began going places with him after he assured her that he was not going to do anything to her anymore. On one occasion, he had intercourse with her at his apartment. She just let him do it. On another occasion, he slapped her after finding out that she had had sex with her boyfriend. Although nothing further happened that evening, when she awakened the next morning, he was on top of her. He had intercourse with her despite her pushing and crying and telling him no.

Uncharged acts of molestation involving Michelle and four other girls— Brandy B., Audrey G., Lorie W., and Anna-Marie W.—were also admitted into evidence.

Appellant's defense was one of denial.

## DISCUSSION

### I.

### Statute of Limitations

Appellant contends that counts 1 through 18 must be dismissed because the statute of limitations had expired on those charges. We reluctantly agree.

### A. Background

Michelle reported the molestations on or about October 16, 1994. Appellant was arrested on November 1 of that year. Although the record does not disclose the circumstances of his arrest, he asserts—without contradiction by

respondent—that no warrant was issued.[2] A criminal complaint was filed on November 4, 1994, apparently charging some 93 counts. A preliminary hearing was set for November 21. That hearing was continued numerous times and did not begin until July 19, 1995. Appellant was held to answer on 74 counts on July 20, 1995, and an information charging those counts was filed in superior court on August 3, 1995.

Appellant subsequently demurred to portions of the information. The court sustained the demurrer as to 38 counts but, based on subdivision (b) of section 803, overruled it as to the remaining counts. Appellant's motion for reconsideration was denied.

The counts remaining in the information were renumbered by the trial judge and, like the parties, we refer to them by their new numbers. Counts 1 and 2 alleged acts committed in November 1988. Counts 3 and 4 alleged acts committed in December 1988. Counts 5 and 6 alleged acts committed in January 1989. Counts 7 and 8 alleged acts committed in February 1989. Counts 9 and 10 alleged acts committed in March 1989. Counts 11 and 12 alleged acts committed in April 1989. ▇▇ ▬ ▬ Counts 13 and 14 alleged acts committed in May 1989. Counts 15 and 16 alleged acts committed in June 1989. Counts 17 and 18 alleged acts committed in July 1989.[3] The information did not allege any facts which would take the challenged charges outside the bar of the statute of limitations (see *People* v. *Zamora* (1976) 18 Cal.3d 538, 564, fn. 26 [134 Cal.Rptr. 784, 557 P.2d 75]), nor was the jury instructed on the issue.

B. *Analysis*

▇▇▇ The maximum sentence for the offenses at issue is eight years. (§§ 288, subd. (b), 288a, subd. (c).) With exceptions not applicable here, "prosecution for an offense punishable by imprisonment in the state prison for eight years or more shall be commenced within six years after commission of the offense." (§ 800.)[4]

"For the purpose of this chapter, prosecution for an offense is commenced when any of the following occurs:

---

[2]Given the lack of dispute on this point, we deny appellant's request for judicial notice of the municipal court file in this case.

[3]Appellant did not demur to counts 17 and 18. However, a defendant in a criminal case may assert the statute of limitations at any time. (*Cowan* v. *Superior Court* (1996) 14 Cal.4th 367, 371 [58 Cal.Rptr.2d 458, 926 P.2d 438]; *People* v. *Morris* (1988) 46 Cal.3d 1, 13, fn. 4 [249 Cal.Rptr. 119, 756 P.2d 843], disapproved on other grounds in *In re Sassounian* (1995) 9 Cal.4th 535, 543, fn. 5, 545, fn. 6 [37 Cal.Rptr.2d 446, 887 P.2d 527].)

[4]We quote the statutes as they read in 1995. Amendments made since do not affect our analysis.

"(a) An indictment or information is filed.

"(b) A complaint is filed with an inferior court charging a public offense of which the inferior court has original trial jurisdiction.

"(c) A case is certified to the superior court.

"(d) An arrest warrant or bench warrant is issued, provided the warrant names or describes the defendant with the same degree of particularity required for an indictment, information, or complaint." (§ 804.)

Respondent says appellant's arrest amounts to a satisfaction of the rule that prosecution commences upon issuance of an arrest warrant (§ 804, subd. (d)); thus, prosecution commenced on November 1, 1994, rendering all of the charges timely. We agree that considerations upon which statutes of limitations are based—concerns about reliability of evidence, encouragement of swift and effective law enforcement, fear that a never-ending threat of prosecution will be more detrimental than beneficial to society (*People* v. *Zamora, supra,* 18 Cal.3d at pp. 546-547; see also *Toussie* v. *United States* (1970) 397 U.S. 112, 114-115 [90 S.Ct. 858, 860, 25 L.Ed.2d 156])—appear to be equally well addressed by deeming prosecution to commence upon an accused's arrest as upon issuance of an arrest warrant. Nevertheless, the statutory language is clear, and we are not free to interpret subdivision (d) of section 804 in such a way as to read the word "warrant" out of existence. (See *People* v. *Black* (1982) 32 Cal.3d 1, 5 [184 Cal.Rptr. 454, 648 P.2d 104] & cases cited therein.) Moreover, subdivision (d) of section 804 is drawn from former sections 800 and 802.5. (Cal. Law Revision Com. com., 1984 amended com., 50 West's Ann. Pen. Code (1999 pocket supp.) foll. § 804, p. 34.) A review of the legislative history of former section 802.5 suggests the Legislature wanted those to be a finding of probable cause, by grand jury, magistrate, or judge, within the limitations period. (Governor's Office, Enrolled Bill Rep., Sen. Bill No. 311 (1981-1982 Reg. Sess.).) In contrast to issuance of an arrest warrant, an arrest does not involve a finding of probable cause made by a neutral judicial officer or body.

Under the facts of this case, then, the earliest prosecution can be said to have commenced is July 20, 1995, the date the case was certified to superior court. (§ 804, subd. (c).) Accordingly, unless a tolling provision applies, any offenses which were committed before July 20, 1989, are time-barred.

This includes the offenses charged in counts 17 and 18, which, as noted, alleged acts occurring in July 1989. The People must plead and prove, by a preponderance of the evidence, that prosecution commenced within the

statutorily prescribed time period. (*People* v. *Zamora, supra,* 18 Cal.3d at p. 565, fn. 27; *People* v. *Bunn* (1997) 53 Cal.App.4th 227, 234 [61 Cal.Rptr.2d 734].)[5] Here, given Michelle's testimony that appellant committed numerous acts within the time alleged in counts 17 and 18, the offenses charged therein could have occurred before or after the limitations period expired. The prosecution never proved the offenses could only have occurred within the applicable period; moreover, although jurors were instructed that they had to agree on the act(s) constituting the offense, they were never instructed on the statute of limitations. Absent such an instruction, the equivocal proof failed to overcome the prosecution's burden. (*People* v. *Gordon* (1985) 165 Cal.App.3d 839, 852 [212 Cal.Rptr. 174], disapproved on other grounds in *People* v. *Lopez* (1998) 19 Cal.4th 282, 292 [79 Cal.Rptr.2d 195, 965 P.2d 713].) Since we cannot tell whether the jury convicted appellant of offenses not shown to have been committed within the period of limitations, the convictions are fatally defective unless the statute of limitations was tolled. (*Gordon, supra,* at p. 852.)

Section 803 is the tolling statute. It states, in pertinent part:

"(a) Except as provided in this section, a limitation of time prescribed in this chapter is not tolled or extended for any reason.

"(b) No time during which prosecution of the same person for the same conduct is pending in a court of this state is a part of a limitation of time prescribed in this chapter."

Respondent relies on subdivision (b) of section 803 to establish that the statute of limitations had not expired on counts 1 through 18.[6] Respondent interprets this section to mean that the statute of limitations does not run during the time a criminal action for the same conduct is pending in any court; hence, the period of time following appellant's arrest is excluded from the limitations period. Since appellant was arrested on November 1, 1994, any offenses committed after November 1, 1988, fall within the six-year limitations period specified by section 800.

At first glance, this argument is very attractive, given the fairly broad language of the subdivision and the purposes behind statutes of limitations.

---

[5] Who bears the initial burden may vary, depending on whether the statute of limitations is asserted as a legal bar to prosecution by the defendant on demurrer, or in a pretrial hearing, or at trial as a matter of defense. (See *People* v. *Bunn, supra,* 53 Cal.App.4th at p. 234.) For our purposes the end result is the same, regardless of whether we view the issue as whether appellant's demurrer should have been sustained or as a failure of proof by respondent.

[6] Subdivision (g) of section 803, allows, under certain circumstances, a complaint to be filed within one year of the date molestation is reported to law enforcement. As respondent does not rely on this subdivision, we do not discuss it except to note that, when Michelle reported appellant's conduct, the limitations period had not yet expired as required by section 803, subdivision (g)(2)(A).

However, section 803, subdivision (b) tolls the statute of limitations during such time as a *prosecution* is pending. "Pending" means "through the period of continuance or indeterminacy of: DURING"; "not yet decided: in continuance: in suspense." (Webster's New Internat. Dict. (3d ed. 1986) p. 1669.) Under this meaning, a prosecution cannot be "pending" unless it has commenced, and the Legislature has provided a very explicit, precise definition in section 804 for when a prosecution is commenced.

"Pending" can also be defined as "IMPENDING, IMMINENT." (Webster's New Internat. Dict., *supra*, p. 1669.) If, in enacting subdivision (b) of section 803, the Legislature used "pending" in this sense, respondent's argument is correct. However, we are bound by the principle that "statutes of limitation are to be strictly construed in favor of the accused." (*People v. Zamora, supra,* 18 Cal.3d at p. 574.) Reviewing the history of the statute in light of this rule convinces us that this is not the meaning of "pending" that the Legislature intended.

Former section 802.5 is the antecedent of section 803, subdivision (b). (*People v. Whitfield* (1993) 19 Cal.App.4th 1652, 1659, fn. 8 [24 Cal.Rptr.2d 210].) As the California Law Revision Commission's amended comment to section 803 explains: "Subdivision (b) continues the substance of former Section 802.5.[7] The limitation of former Section 802.5 that permitted recommencing the same 'criminal action' is replaced by a broader standard of prosecution for the 'same conduct,' drawn from Model Penal Code § 1.06(6)(b). The former law that provided tolling only for a subsequent prosecution for the same offense was too narrow, since the dismissal may have been based upon a substantial variation between the previous allegations and the proof. The test of the 'same conduct,' involving as it does some flexibility of definition, states a principle that should meet the reasonable needs of prosecution, while affording the defendant fair protection against an enlargement of the charges after running of the statute. It should be noted that subdivision (b) provides tolling only for a prosecution pending in state, not federal, court." (Cal. Law Revision Com. com., 1984 amended com., 50 West's Ann. Pen. Code (1999 pocket supp.) foll. § 803, p. 29.)

Thus, it is apparent that the language of section 803, subdivision (b) was changed from that contained in former section 802.5 not in order to expand the events which can trigger tolling, but in order to broaden the conduct to which tolling, once triggered, can apply.

---

[7] As enacted in 1981, former section 802.5 read: "The time limitations provided in this chapter for the commencement of a criminal action shall be tolled upon the issuance of an arrest warrant or the finding of an indictment, and no time during which a criminal action is pending is a part of any limitation of the time for recommencing that criminal action in the event of a prior dismissal of that action, subject to the provisions of Section 1387." (Stats. 1981, ch. 1017, § 3, pp. 3927-3928.)

The Law Revision Commission's reference to the Model Penal Code supports this interpretation. Section 1.06 of that code, which sets out time limitations, states in part:

"(5) A prosecution is commenced either when an indictment is found [or an information filed] or when a warrant or other process is issued, provided that such warrant or process is executed without unreasonable delay.

"(6) The period of limitation does not run:

". . . . . . . . . . . . . . . . . . . . . . . . . .

"(b) during any time when a prosecution against the accused for the same conduct is pending in this State." (Original brackets.)

The comment to subdivision (6)(b) of section 1.06 of the Model Penal Code clarifies: "Paragraph (b) of Subsection (6) provides that the period of limitation does not run during any time when a prosecution 'for the same conduct is pending' against the accused in the forum. *It tolls the applicable statute during pendency of a prosecution in order to provide for the contingency of the trial's termination prior to final adjudication or reversal on appeal. . . . A prosecution is considered 'pending' during that period of time beginning with the day the prosecution is commenced,* as defined by Subsection (5), *and ending with the day it is dismissed by final adjudication.*" (Model Pen. Code & Commentaries, com. 5 to § 1.06, pp. 99-100, italics added, fn. omitted.)

Clearly, under the Model Penal Code, "pending" means after prosecution is commenced according to statutory definition. It does not mean merely "impending" or "imminent."

Former section 802.5 has been held to mean that "the statute of limitations does not run during the time a criminal action is pending should that action be dismissed and later recommenced." (*People* v. *Masry* (1986) 179 Cal.App.3d 1149, 1151 [225 Cal.Rptr. 174].) Section 803, subdivision (b) has been interpreted in the same manner. Thus, in *People* v. *Whitfield, supra,* 19 Cal.App.4th 1652, the Court of Appeal held that when an action is dismissed and refiled after the period of limitations, a prosecutor may charge offenses based on the same conduct as the charges in the dismissed action, because, pursuant to section 803, subdivision (b), the filing of the information tolls the statute of limitations not only as to offenses charged in the original action, but also as to offenses based upon the same conduct. (*Whitfield, supra,* at p. 1659.)

We recognize that "[i]n construing legislative intent, it is fundamental that a statute should not be interpreted in a manner that would lead to absurd results. [Citation.]" (*People* v. *Morris, supra,* 46 Cal.3d at p. 15.) We also recognize that interpreting section 803, subdivision (b) as tolling the statute of limitations only once prosecution has commenced, as defined in section 804, creates anomalies, to say the least. For example, preliminary hearings can be lengthy affairs. Suppose an accused has been arrested (albeit not pursuant to warrant), is in custody, and is in the midst of his or her preliminary hearing at the time the statute of limitations expires. He or she apparently walks free, since an accused cannot waive the statute of limitations unless, among other requirements, such a waiver is for his or her benefit. (*Cowan* v. *Superior Court, supra,* 14 Cal.4th at p. 372.) Under the scenario just described, a waiver most certainly would not be for the accused's benefit, nor would he or she be likely to waive the statute in any event. Yet the accused is clearly on notice of the charges and the need to marshal evidence; realistically, it cannot be said that he or she is not being prosecuted at the time the statute runs. Moreover, we do not see any purpose in compelling already overburdened members of law enforcement or district attorneys' offices to obtain an arrest warrant for someone who has already been arrested, simply due to the need to toll the statute of limitations.

Regardless of these problems, in construing a statutory scheme, " '[w]e begin with the fundamental rule that our primary task is to determine the lawmakers' intent. [Citation.]' " (*People* v. *Jones* (1993) 5 Cal.4th 1142, 1146 [22 Cal.Rptr.2d 753, 857 P.2d 1163].) We cannot, under the guise of statutory interpretation, rewrite the law to include a triggering event omitted by the Legislature. (See, e.g., *In re Hoddinott* (1996) 12 Cal.4th 992, 1002 [50 Cal.Rptr.2d 706, 911 P.2d 1381]; *Bermudez* v. *Municipal Court* (1992) 1 Cal.4th 855, 863 [4 Cal.Rptr.2d 609, 823 P.2d 1210].) If the Legislature wishes to close the gap created by the combination of sections 803, subdivision (b) and 804, presumably it knows how to do so. (See *People* v. *Sample* (1984) 161 Cal.App.3d 1053, 1056 & fn. 5 [208 Cal.Rptr. 318] [before 1981 amendment to section 800, limitations period ran until indictment returned, information filed, or matter certified to superior court; 1981 amendment commenced tolling upon issuance of arrest warrant; as originally drafted, bill provided for statute to toll upon filing of complaint].)[8]

In light of the foregoing, the convictions based on counts 1 through 18 were time-barred. Accordingly, they must be reversed.

---

[8]Senate Bill No. 311 (1981-1982 Reg. Sess.), which created former section 802.5, was largely a response to the California Supreme Court's opinion in *Hawkins* v. *Superior Court* (1978) 22 Cal.3d 584 [150 Cal.Rptr. 435, 586 P.2d 916], which required postindictment preliminary hearings. (Sen. Republican Caucus, Analysis of Sen. Bill No. 311 (1981-1982

## II.-V.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

The convictions on counts 1 through 18 are reversed with directions to the trial court to dismiss these counts. The trial court is further directed to prepare an amended abstract of judgment reflecting this dismissal and recalculating appellant's sentence, and to forward a certified copy thereof to the Department of Corrections. In all other respects, the judgment is affirmed.

Dibiaso, J., and Levy, J., concurred.

The petitions of both appellant and respondent for review by the Supreme Court were denied June 30, 1999.

---

Reg. Sess.) as amended May 21, 1981.) As originally drafted, the bill would have removed the preliminary hearing requirement as an alternative to indictment, and would have required only that a complaint be filed in municipal or justice court within the limitations period. Those opposing the bill argued that in serious cases, such as felonies, there should be a probable cause determination before the statute of limitations was satisfied, and that making it easier to preserve old cases was the antithesis of administering justice with swiftness and certainty. The bill also originally would have provided that, once a complaint was filed, thus tolling the statute of limitations, the statute could begin running again only when and if the complaint was dismissed. Concern was expressed that this would allow prosecutors to toll the statute merely by filing a complaint, thus dispensing with a probable cause requirement, and that the tolling provision would allow a case to be pursued again and again so long as a magistrate failed to certify it for trial. (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 311 (1981-1982 Reg. Sess) as amended Apr. 1, 1981.)

*See footnote, *ante*, page 1141.