[No. H020031. Sixth Dist. May 1, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
VASSAR WILLIAMS SMITH, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, the portions directed to be published follow: (1) the single introductory paragraph before FACTUAL SUMMARY: (2) the heading DISCUSSION and the entire portion of the opinion entitled *Statute of Limitations* (3) the entire portion of the opinion entitled *Sua Sponte Duty to Instruct That the Defendant Had the Right to Discipline Victim* and (4) the entire portion of the opinion entitled DISPOSITION.

## COUNSEL

Dennis P. Riordan, Donald M. Horgan and Dylan L. Schaffer for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Stan M. Helfman and Jeffrey M. Laurence, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**O'FARRELL, J.**[*]—The facts underlying the convictions in the instant case involve defendant Vassar Williams Smith's repeated lewd fondling and spanking of his son (Victim). A jury found defendant guilty of 11 counts of lewd or lascivious conduct on a child under the age of 14 (Pen. Code, § 288, subd. (a) [counts 1 & 3-12]),[1] five counts of lewd or lascivious conduct on a child under the age of 14 by use of force, fear, violence, or duress (§ 288, subd. (b) [counts 13-17]), one count of continual sexual abuse of a child under the age of 14 (§ 288.5, subd. (a) [count 2]), and one misdemeanor count of possession of child pornography (§ 311.11, subd. (a) [count 18]). Defendant was sentenced to 68 years in state prison. On appeal he contends his convictions on counts 1 through 17 must be reversed because those charges were barred by the statute of limitations. Defendant claims the trial

---

[*]Judge of the Monterey Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1]All further statutory references are to the Penal Code unless otherwise specified.

court erred by instructing pursuant to CALJIC No. 2.50.01 because it allows for conviction based solely upon uncharged offenses admitted under Evidence Code section 1108; alternatively, he argues the combined application of the instruction and Evidence Code section 1108 violated the federal prohibition upon ex post facto legislation. Defendant also contends the trial court abused its discretion by admitting evidence regarding the uncharged prior sex offenses. He next claims the court erred by admitting evidence concerning his friend who was seen by the Victim on *America's Most Wanted.* Defendant also claims the court's refusal to order adequate discovery regarding a jailhouse informant's pending criminal charges, and its failure to strike the informant's testimony, require reversal. He contends the trial court erred as to counts 13 through 17 by failing to instruct sua sponte that defendant had the right to reasonably discipline his child and earlier had erred by refusing to allow the defense to call Victim's psychiatrist as a witness. With regard to count 18, defendant claims the evidence that he possessed his "slide show" video during the time period charged is insufficient and that the court erred by failing to give a unanimity instruction as to that charge.

FACTUAL SUMMARY*

. . . . . . . . . . . . . . . . . . . . . . . . . .

DISCUSSION

*Statute of Limitations*

A complaint was filed against defendant on October 26, 1998, charging him with a single violation of continuous sexual abuse of a child under age 14 between April 1, 1989, and April 30, 1996 (§ 288.5, subd. (a)), and an arrest warrant issued on that date, which fixed the date of commencement of the prosecution as well as the ending date of the statute of limitations. (§ 804.) After a preliminary hearing, defendant was bound over to superior court for trial. On November 23, 1998, an information was filed, which charged defendant with the 18 counts listed at the beginning of this opinion. It charged that count 1 occurred between April 22, 1989 and April 21,1990, count 2 between April 22, 1990, and April 21, 1991, and counts 3 through 17 between April 22, 1991, and April 21, 1996. Noting that the charged crimes generally are governed by section 800, which establishes a six-year statute of limitations, defendant argues the statute of limitations would have lapsed for any crime that occurred before October 26, 1992. In turn, he argues his convictions on counts 1 through 17 must be reversed because "the prosecution did not plead facts adequate to establish that prosecution on those counts

---

*See footnote, *ante,* page 1182.

was not barred by the statute of limitations; because the jury was not instructed to find, nor did it find, that any of these alleged offenses occurred within the appropriate limitations period; and because the prosecutor expressly requested the jury to convict [defendant] of offenses alleged to have occurred outside the limitations period." (Emphasis and capitalization omitted.)

## I. *Counts 1 and 2*

Count 1 charged defendant with violating section 288, subdivision (a) by committing a lewd or lascivious act upon his son, Victim, between April 21, 1989, and April 20, 1990. Count 2 charged him with violating section 288.5 by committing continuous sexual abuse upon Victim between April 21, 1990, and April 20, 1991. Both counts plainly fall outside the six-year limitations period specified in section 800.

Prior to trial, the defense moved to dismiss counts 1 and 2 on the ground that they violated the limitations period of section 800 and that the exceptions to section 800 found in section 803 did not apply. The trial court found that counts 1 and 2 fell within the exception to the six-year statute of limitations set forth in section 803, subdivision (f) (hereinafter subdivision (f)), which provides, in pertinent part: "(1) Notwithstanding any other limitation of time described in this chapter, a criminal complaint may be filed within one year of the date of a report to a responsible adult or agency by a child under 18 years of age that the child is a victim of a crime described in Section . . . 288 . . . [or] 288.5 . . . . [¶] (2) . . . This subdivision applies only if both of the following occur: [¶] (A) The limitation period specified in Section 800 or 801 has expired. [¶] (B) The defendant has committed at least one violation of Section . . . 288 . . . [or] 288.5 . . . against the same victim within the limitation period specified for that crime in either Section 800 or 801."

Although the prosecution has the burden of proving the crimes occurred within the applicable statute of limitations, the statute of limitations is not an element of the offense. (*People v. Frazer* (1999) 21 Cal.4th 737, 757-760 [88 Cal.Rptr.2d 312, 982 P.2d 180].) Therefore, the prosecutor need only demonstrate that the crime occurred within the applicable statute of limitations by a preponderance of the evidence. (*People v. Zamora* (1976) 18 Cal.3d 538, 565, fn. 27 [134 Cal.Rptr. 784, 557 P.2d 75].)[8]

Both counts 1 and 2 charge crimes listed in subdivision (f)(1). The record undisputably reveals that Victim reported the crime for the first time

---

[8]By supplemental letter received after oral argument, defendant brought to the attention of this court the California Supreme Court's recent case that decided "whether the circumstance of gun use was available to support two section 12022.5(a) enhancements when gun use had

to police on October 22, 1998,[9] well within one year of the time the complaint was filed. As noted above, both counts meet the requirement of subdivision (f)(2)(A) in that they fall outside the six-year limitations period specified in section 800.

The only remaining criterion is subdivision (f)(2)(B), which requires that "[t]he defendant has committed at least one violation of Section . . . 288 . . . [or] 288.5, . . . against the same victim within the limitation period specified for that crime in either Section 800 or 801." This subdivision does not require that the defendant be *convicted* of at least one violation of section 288 against the same victim within the six-year limitation period; rather it only requires that defendant has *committed* at least one violation of section 288 within the six-year limitation period. Accordingly, we are convinced this requirement is satisfied if the available evidence demonstrates by a preponderance of the evidence that defendant did in fact commit a violation of section 288, against the same victim within the six-year period. (See *People v. Garcia* (1995) 33 Cal.App.4th 1119, 1127 [40 Cal.Rptr.2d 12] ["It appears defendant is contending the use of the word 'committed' in subdivision (f)(2) of section 803 means the defendant was 'convicted' of at least one of the enumerated offenses against the same victim within the statute of limitations'. . . . The language is not susceptible to this meaning . . . ."].)

In concluding that we can evaluate whether the record demonstrates that defendant committed at least one violation of section 288 within the section 800 limitation period without determining which acts the jury relied upon to convict defendant of violating subdivisions (a) and (b) of section 288, we look to the holding and reasoning in *People v. Williams* (1999) 21 Cal.4th 335 [87 Cal.Rptr.2d 412, 981 P.2d 42] (*Williams*) for guidance. We find its holding and reasoning helpful here, although we recognize that the *Williams*

---

already been properly pled and proved as a basis for invoking One Strike sentencing." (*People v. Mancebo* (2002) 27 Cal.4th 735, 738 [117 Cal.Rptr.2d 550, 41 P.3d 556].) Defendant contends "*Mancebo* controls [this court's] resolution of the [statute of limitations] harmless error issue in the present case" To the contrary, we conclude *Mancebo* is inapplicable to the resolution of the statute of limitations issues presented in this case. *Mancebo* addressed pleading and proof problems with section 667.1. The court noted that express language of that statute required that each qualifying factor be pleaded and proven and held that the trial court could not rely upon an unpleaded factor to impose the enhancement. *Mancebo's* analysis turned entirely on the absence of notice to the defendant as to the unpleaded factor invoked by the court at sentencing. Here, by contrast, defendant has not presented a claim of absence of notice as to the applicable statute of limitations as a ground for reversal. Furthermore, we find it significant that the Supreme Court cautioned that its holding "is limited to a construction of the language of section 667.61, subdivisions (f) and (i) read together, as controlling here. We have no occasion in this case to interpret other statutory provisions not directly before us." (*Id.* at p. 745, fn. 5.)

[9]While Victim reported the choking incident to a school counselor in late September or early October 1998, he did not report the molestations at that time.

court explicitly stated that the case before it "presents no issue regarding the rules to apply when the defendant does assert the statute of limitations at trial." (*Id.* at p. 345, fn. 3.) The defendant in *Williams* argued for the first time on appeal that the prosecution was time-barred because the information alleged that he committed the offense more than three years before it was filed, and it contained no other facts or tolling allegations that would make the prosecution timely. Citing information outside the appellate record, the People claimed the prosecution was timely because an arrest warrant had issued on January 31, 1995, within the statutory time limit, and delayed discovery tolled the statute of limitations and urged that the prosecution at least should be allowed to amend the information on remand.

The *Williams* court concluded that "when the charging document indicates on its face that the action is time-barred, a person convicted of a charged offense may raise the statute of limitations at any time. If the court cannot determine from the available record whether the action is barred, it should hold a hearing or, if it is an appellate court, it should remand for a hearing." (*Williams, supra,* 21 Cal.4th at p. 341.) The court went on to explain that, "if on remand, the trial court determines the action is not time-barred, the conviction will stand despite the prosecution's error in filing an information that appeared time-barred . . . ." (*Id.* at p. 346.)

By analogy to *Williams,* we are convinced that, when the trial court determines that certain counts are not time-barred, defendant's convictions as to those charged offenses will stand if the reviewing court can determine from the available record, including both the trial record and the preliminary hearing transcript, that the action is not time-barred despite the prosecution's error in filing an information in which those counts appeared to be time-barred.

Here, the trial evidence allowed for only two possible conclusions, namely, that all the section 288 molestations identified by Victim had occurred or none had occurred. At trial, Victim testified about three series of identical, undifferentiated acts which occurred regularly: buttock fondlings; playful spankings in which defendant forcibly held Victim down and spanked his bare buttocks; and violent spankings. The buttock rubs were the bases for the section 288, subdivision (a) charges (counts 3-12); the two types of spankings were the bases for the section 288, subdivision (b) charges (counts 13-17). Victim testified to hundreds of fondlings and spankings occurring over a seven-year period. At trial, defendant presented the same defense to each described act, namely, that he may have committed it but that he lacked the requisite sexual intent when he did so. Defendant did not seriously dispute that the acts occurred over the period identified by

Victim. After reviewing the available record, we conclude that it contains overwhelming evidence that defendant *committed* all of the hundreds of acts described by Victim with the requisite intent, including the multitude of described acts which occurred regularly between October, 26, 1992, and April 20, 1996.

Our conclusion in this regard is supported, in part, by cases discussing the concept of jury unanimity. For example, our state Supreme Court reasoned that "if an information charged *two* counts of lewd conduct during a particular time period, the child victim testified that such conduct took place *three times* during that same period, and the jury believed that testimony in toto, its difficulty in differentiating between the various acts should not preclude a conviction of the two counts charged, so long as there is no possibility of jury disagreement regarding the defendant's commission of any of these acts. [Citations.]" (*People v. Jones* (1990) 51 Cal.3d 294, 321-322 [270 Cal.Rptr. 611, 792 P.2d 643]; see also *People v. Moore* (1989) 211 Cal.App.3d 1400, 1414 [260 Cal.Rptr. 134] [where child testified to a "consistent, repetitive pattern of acts," if jury believes defendant committed all acts it necessarily believes he committed each specific act].)[10] Our conclusion also is supported by the fact that the available record also contains overwhelmingly evidence that defendant was guilty of continuous sexual abuse of a child during 1989 and 1990 (§ 288.5). Accordingly, we find more than sufficient evidence in the record to support the trial court's implied subdivision (f)(2)(B) finding that defendant "has committed at least one violation of Section . . . 288 . . . against the same victim within the limitation period specified for that crime in . . . Section 800" and its explicit finding that counts 1 and 2 were not time-barred despite the inadequate charging language in the information.

## II. *Counts 3 Through 17*

 We next consider defendant's claim that the accusatory information charging counts 3 through 17 is deficient on its face in failing to show the charged acts occurred within the six-year statute of limitations.

Citing *In re Demillo* (1975) 14 Cal.3d 598 [121 Cal.Rptr. 725, 535 P.2d 1181], *People v. Zamora, supra,* 18 Cal.3d 538, *People v. Swinney* (1975) 46

[10]The *Jones* court contrasted its situation with that of *People v. Diedrich* (1982) 31 Cal.3d 263, 280-283 [182 Cal.Rptr. 354, 643 P.2d 971], in which the defendant raised distinct defenses to the acts identified by the prosecution. In finding the failure to give a unanimity instruction prejudicial, the *Diedrich* court noted, "This is not a case where the jury's verdict implies that it did not believe the only defense offered." (*Id.* at p. 283; see also *People v. Riel* (2000) 22 Cal.4th 1153, 1199-1200 [96 Cal.Rptr.2d 1, 998 P.2d 969] [in context of first degree robbery-murder conviction, where testimony established either two robberies or none occurred, no unanimity instruction required because general guilty verdict necessarily included a finding that both occurred].)

Cal.App.3d 332 [120 Cal.Rptr. 148], and *People v. Crosby* (1962) 58 Cal.2d 713 [25 Cal.Rptr. 847, 375 P.2d 839], defendant claims the convictions must be dismissed as a matter of law without review of the trial evidence. While these cases note that the pleadings were deficient if the crimes charged therein were plainly facially excluded from the permissible statutory period and from any exceptions to that period, those courts still looked to facts presented in the indictment, the preliminary hearing, or at trial to determine whether the crime fell outside the statute of limitations. (See *In re Demillo*, *supra*, 14 Cal.3d at p. 602; *People v. Zamora*, *supra*, 18 Cal.3d at pp. 548-561; *People v. Swinney*, *supra*, 46 Cal.App.3d at pp. 337-339; *People v. Crosby*, *supra*, 58 Cal.2d at pp. 722-731.) In any event, *Williams* concluded the proper method for evaluating a statute of limitations defense, raised for the first time on appeal based upon a facially deficient pleading, is to review the record or, if necessary, to remand the case to the trial court for factual findings on the statute of limitations question. (*Williams*, *supra*, 21 Cal.4th 335, 341.)

Here, the information charging defendant with committing the 15 violations of section 288, subdivisions (a) and (b) alleged that each of those criminal acts occurred between April 22, 1991, and April 21, 1996. This range includes lewd acts committed by defendant after October 26, 1992, acts which fall within the statutory period. The fact the time range also included dates falling beyond the limitations presents a question as to whether the charged crimes actually occurred within the statutory period set forth in section 800 and, if any of those acts fell outside the period set forth in section, whether they fall within the exception set forth in subdivision (f).

Having undertaken a record review pursuant to the procedure described in *Williams*, we conclude the available record supports a conclusion that each of the 15 *charged* offenses is not time-barred, either because it occurred within the statutory period set forth in section 800 or because it falls within the exception set forth in subdivision (f).

Defendant's jury was given a proper unanimity instruction, and the prosecutor repeatedly reminded the jurors that, in order to return a verdict of guilty as to counts 3 through 17, as to each count, they must agree that defendant committed the same act or acts. The jury then found defendant guilty of each of the 15 charged offenses in question. We look at each of the 15 disputed charged offenses separately. If the jury found that the act underlying any given charged offense set forth in counts 3 through 17 occurred after October 26, 1992, the action as to that charged offense was not time-barred pursuant to the time limitations set forth in section 800. Alternatively, if the jury found that the act underlying any given charged

offense occurred on or before October 26, 1992, the action as to that charged offense was not time-barred pursuant to the time limitations tolling provision set forth in subdivision (f) for the same reasons set forth above in our discussion of counts 1 and 2; i.e., the time period under section 800 had expired, the reporting and charging occurred within a year of each other, and the fact the record contains overwhelming evidence that defendant *committed* all of the hundreds of acts described by Victim with the requisite intent, including the multitude of described acts which occurred regularly after October, 26, 1992.

We are aware that in *People v. Angel* (1999) 70 Cal.App.4th 1141 [83 Cal.Rptr.2d 222], the court addressed a factual scenario somewhat similar to the one before us but reached a different conclusion. *Angel* presents a case in which two molestation counts were charged as occurring within "July 1989," whereas the statute of limitations ended July 20, 1989. (*Id.* at p. 1146.) The victim in *Angel* testified the defendant committed numerous acts within the month of July. The court concluded that, because it could not tell which acts the jury relied upon, the prosecution had failed to meet its burden in proving the statute of limitations. The *Angel* court also concluded that the tolling provision upon which the People relied, namely subdivision (b) of section 803, did not apply. (*Angel*, at pp. 1147-1150.) The court therefore reversed the relevant counts as time-barred although the defendant had not demurred to them because "a defendant in a criminal case may assert the statute of limitations at any time. [Citations.]" (*Id.* at p. 1145, fn. 3.) To the extent the *Angel* decision contradicts our analysis or conclusions, we respectfully disagree with it. In that regard, we note that the *Angel* court did not have the benefit of the analysis and holding of the pertinent Supreme Court case, given its decision predated *Williams* by several months.

Defendant next contends counts 1 through 17 must be reversed because the trial court erred by failing to instruct the jury on the applicable statute of limitations.

■ As a general rule, the trial court need only instruct on the statute of limitations when it is placed at issue by the defense as a factual matter in the trial. (See *People v. Brown* (1960) 186 Cal.App.2d Supp. 889, 892; cf. *Cowan v. Superior Court* (1996) 14 Cal.4th 367, 393 [58 Cal.Rptr.2d 458, 926 P.2d 438] (conc. & dis. opn. of Brown, J.) [noting that under current California procedure defendant may request instructions on statute of limitations if defendant deems it to be an issue].) To hold otherwise would render moot the discussion in *Williams* as to whether the defendant may raise a statute of limitations claim for the first time on appeal. If the trial court has a sua sponte duty to instruct on the statute of limitations, even if factually

not placed at issue by the defendant at trial, there would never have been an issue as to forfeiture of the right to raise the statute of limitations for the first time on appeal; the claim always would be preserved under the rubric of instructional error for failure to give a required instruction sua sponte. As the court clarified in *Williams*, when an appellate court is reviewing a statute of limitations question after a conviction for the charged offenses, the proper question is whether the record demonstrates that the crime charged actually fell within the applicable statute of limitations.

 Here, defendant did not raise any objection to counts 3 through 17, and although, he did raise a challenge to counts 1 and 2, he did so only facially and as a matter of law, without contesting the factual applicability of the exception provided in subdivision (f). Specifically, defendant filed a three-sentence motion in limine arguing that counts 1 and 2 fell outside the six-year limitation period and that the exception in section 803, subdivision (g) did not apply because of its terms and because of ex post facto limitations. The prosecution agreed subdivision (g) did not apply, but noted that subdivision (f) did. Defendant did not raise any factual challenge to the applicability of the exception in subdivision (f), and the trial court denied his motion. Given defendant did not raise any dispute as to the factual application of the statute of limitations, the court had no obligation to give an instruction to the jury to factually resolve any statute of limitations question. The proper challenge for defendant to make now is not that the court failed to instruct but, rather, that he has the right to raise the issue for the first time on appeal, pursuant to *Williams*, which we have addressed above.

In any event, assuming arguendo the trial court did err by failing to instruct the jury to make factual findings with respect to the tolling requirements set forth is subdivision (f), such error was harmless under any standard of review.

We are convinced the proper standard for evaluating an alleged erroneous failure to instruct on the statute of limitations is the traditional state prejudice standard set out in *People v. Watson* (1956) 46 Cal.2d 818 [299 P.2d 243], given statutes of limitations are not elements of an offense and are not constitutionally mandated or subject to due process concerns. (*People v. Frazer, supra*, 21 Cal.4th at pp. 770-772 [noting "[c]riminal statutes of limitation appear no more rooted in the Constitution or the traditions underlying the American legal system than their civil counterparts" and rejecting a due process claim against retroactive application of a change in the statute of limitations].) We are aware that in *People v. Stanfill* (1999) 76 Cal.App.4th 1137, 1154 [90 Cal.Rptr.2d 885], the court applied the federal

*Chapman*[11] harmless error standard to the failure to instruct on the statute of limitations. However, in light of our state Supreme Court's recent holding that the statute of limitations is not an element of an offense, we believe *Stanfill* was incorrect in that regard.

Regardless of which standard is applied, the alleged error was harmless here where only the last prong of subdivision (f), namely, whether defendant "committed" at least one offense within the section 800 six-year limitations period, is in dispute. As discussed above, defendant did not dispute at trial that the identified acts occurred regularly over the course of the period charged in counts 3 through 17, including the period between October 26, 1992 and April 20, 1996, which fell within the section 800 statute of limitations. His only defense was that he lacked the requisite lewd intent when he committed those acts. Here, where the evidence of the required intent was overwhelming, as was the evidence that defendant committed all of the hundreds of acts occurring both outside and within the six-year limitations period, any error is harmless beyond a reasonable doubt.

*CALJIC No. 2.50.01\**

. . . . . . . . . . . . . . . . . . . . . . . . . . .

*Ex Post Facto Legislation\**

. . . . . . . . . . . . . . . . . . . . . . . . . . .

*Admissibility of Prior Sexual Misconduct Pursuant to Evidence Code Section 352\**

. . . . . . . . . . . . . . . . . . . . . . . . . . .

*Evidence of Defendant's Friendship with Man Featured on American's Most Wanted\**

. . . . . . . . . . . . . . . . . . . . . . . . . . .

*Sua Sponte Duty to Instruct That Defendant Had the Right to Discipline Victim*

■ Claiming he merely was disciplining Victim when he spanked him, defendant contends the trial court had a sua sponte duty to instruct that defendant had a right to reasonably discipline his child.

---

[11]*Chapman v. California* (1967) 386 U.S. 18 [87 S.Ct. 824, 17 L.Ed.2d 705, 24 A.L.R.3d 1065].

\*See footnote, *ante,* page 1182.

To support this claim, defendant relies upon *People v. Whitehurst* (1992) 9 Cal.App.4th 1045 [12 Cal.Rptr.2d 33], a case in which the defendant claimed at trial that he merely was disciplining his child when he struck her. In the context of the charge of child abuse, the *Whitehurst* court concluded the defendant was entitled to an instruction on the defense of a parent's right to discipline a child by use of corporal punishment because "[a] parent has a right to reasonably discipline by punishing a child and may administer reasonable punishment without being liable for battery. [Citations.] This includes the right to inflict reasonable corporal punishment. [Citation.] [¶] However, a parent who willfully inflicts unjustifiable punishment is not immune from either civil liability or criminal prosecution." (*Id.* at p. 1050, italics omitted.) *Whitehurst* involved a claim of child abuse, which is a form of battery, i.e., infliction of a corporal injury. (See §§ 273d [corporal injury upon a child], 240 [battery].) The court explained that the difference between legitimate discipline of a child and battery or child abuse is one of degree, that whether corporal punishment falls within parameters of parent's right to discipline involves consideration of necessity for the punishment and whether amount of punishment was reasonable or excessive: "Reasonableness and necessity therefore are not two separate defenses but rather two aspects of the single issue of parental right to discipline by physical punishment. [Citation.]" (*Whitehurst, surpa,* 9 Cal.App.4th at p. 1050.)

*Whitehurst* in inapposite here, where defendant was charged with committing a lewd act upon his child (§ 288). This offense is qualitatively different because the prohibited touching involves a sexual purpose or intent. Parental discipline is not simply separated from committing a lewd act on a child by a matter of degree. Disciplining one's child, which involves administering modest and reasonable punishment to correct or punish breaches of rules or prescribed conduct, is privileged because of its educational purpose within the parental role in a child's upbringing. On the other hand, there is no educational or parental role involved when a parent touches a child with a sexual purpose or intent.

Thus, in the context of terminating parental rights, our state Supreme Court has noted that "child molestation is among those acts 'so inherently harmful that the intent to commit the act and the intent to harm are one and the same . . . .' [Citation.]" (*In re Kieshia E.* (1993) 6 Cal.4th 68, 77 [23 Cal.Rptr.2d 775, 859 P.2d 1290].) It added that, when a parent molests his child, "the parent also abandons and contravenes the parental role." (*Ibid.*) Earlier, in *J. C. Penney Casualty Ins. Co. v. M. K.* (1991) 52 Cal.3d 1009, 1026 [278 Cal.Rptr. 64, 804 P.2d 689], the court had discussed the fundamental difference between child molestation and other parental acts in the

context of an insurance claim: "There is no such thing as negligent or even reckless sexual molestation. The very essence of child molestation is the gratification of sexual desire. The act is the harm. There cannot be one without the other. Thus, the intent to molest is, by itself, the same as the intent to harm." (*Id.* at p. 1021.) The court concluded Insurance Code statutes preclude coverage for child molestation because it "is *always* intentional, it is *always* wrongful, and it is *always* harmful." (*Id.* at p. 1025.)

In *People v. Martinez* (1995) 11 Cal.4th 434, 444 [45 Cal.Rptr.2d 905, 903 P.2d 1037], the court reaffirmed that "section 288 prohibits *all* forms of sexually motivated contact with an underage child. Indeed, the 'gist' of the offense has always been the defendant's intent to sexually exploit a child, not the nature of the offending act. [Citation.] '[T]he purpose of the perpetrator in touching the child is the controlling factor and each case is to be examined in the light of the intent with which the act was done . . . . If [the] intent of the act, *although it may have the outward appearance of innocence*, is to arouse . . . the lust, the passion or the sexual desire of the perpetrator [or the child,] it stands condemned by the statute . . . .' [Citation.] [¶] Thus, . . . the cases have made clear that a 'touching' of the victim is required, and that sexual gratification must be presently intended at the time such 'touching' occurs. [Citations.] However, the form, manner, or nature of the offending act is not otherwise restricted. Conviction under the statute has never depended upon contact with the bare skin or 'private parts' of the defendant or the victim. [Citations.]"

In light of the above, the right of a parent to discipline a child is no defense to a charge of section 288, which requires that the touching be committed with a sexual intent. Given any contact by a parent on his child undertaken with a sexual intent cannot constitute justifiable discipline, defendant was entitled to argue that he lacked any sexual intent when he touched Victim, but was not entitled to a sua sponte instruction that parental discipline is a defense to committing a lewd act on a child.[22]

Given the defense of reasonable discipline is inapplicable to a charge of committing a lewd act on a minor in violation of section 288, subdivision (b)(1), we conclude this instructional claim of error is not well taken.

---

[22]The trial court correctly instructed that, in order to find defendant guilty of violating section 288, subdivision (b), the jury had to find that he spanked Victim with a sexual intent, thereby ensuring that it understood that if defendant lacked the requisite sexual intent, i.e., if he spanked Victim for disciplinary purposes rather than for his lewd sexual pleasure, he was not guilty of violating section 288.

*Refusal of Request to Call Victim's Psychiatrist as a Defense Witness\**

. . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is affirmed.

Bamattre-Manoukian, Acting P. J., and Wunderlich, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 14, 2002. Kennard, J., Werdegar, J., and Chin, J., were of the opinion that the petition should be granted.

---

\*See footnote, *ante*, page 1182.