Filed 10/2/14  P. v. Valenzuela CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUAN CARLOS VALENZUELA,<br><br>    Defendant and Appellant. | H039516<br>(Monterey County<br> Super. Ct. No. SS051206A) |

In this appeal, we are required to determine whether the statute of limitations had run on some of Juan Carlos Valenzuela's crimes when he was tried on January 9, 2013, for crimes that were committed on or about April 2, 2005.

Based on events that occurred on or about April 2, 2005, in a first amended complaint filed on April 11, 2005,[1] Juan Carlos Valenzuela (appellant) was charged with a series of crimes—shooting at an occupied motor vehicle (Pen. Code, § 246, count one),[2] two counts of attempted deliberate, premeditated murder (§§ 664, 187, subd. (a), counts two & three), child endangerment (§ 273a, subd. (a), count four) and street terrorism (§ 186.22, subd. (a), count five).  As to counts one, two, three, and four, the Monterey County District Attorney alleged that they were committed for the benefit of a Sureno criminal street gang (§ 186.22, subd. (b)(1), hereafter gang allegation), and as to counts

---

[1]    The original complaint was filed on April 7, 2005.  With the exception of the addition of two more defendants and count five, the first amended complaint was identical to the original complaint.

[2]    All unspecified statutory references are to the Penal Code.

two and three that appellant personally used a firearm. (Former § 12022.5, subd. (a), Stats. 2004, ch. 494, § 4.) Count one carried a life term (§ 186.22, subds. (b)(4) and (e)(5) [any person who is convicted of certain enumerated offenses committed for the benefit of a criminal street gang shall be sentenced to an indeterminate term of imprisonment; shooting at an occupied motor vehicle is an enumerated offense]); counts two and three also carried life terms. (§ 664 [if the crime attempted is willful, deliberate, and premeditated murder the person guilty of that attempt shall be punished in the state prison for life with the possibility of parole].)

There is no statute of limitations on crimes that carry life terms. (§ 799 [prosecution for an offense punishable by imprisonment in the state prison for life may be commenced at any time].) Crimes that are punishable by imprisonment in the state prison or pursuant to subdivision (h) of section 1170 for eight years or more must be commenced within six years. (§ 800.) However, relevant here, crimes such as street terrorism (§ 186.22, subd. (a)) and child endangerment[3] (§ 273a, subd. (a)) have a three-year statute of limitations. (§ 801 [except as provided in §§ 799 & 800, prosecutions for an offense punishable by imprisonment in the state prison shall be commenced within three years after commission of the offense].) For the purpose of determining the applicable statute of limitations, an offense is deemed punishable by the maximum punishment prescribed by statute for the offense regardless of the actual punishment imposed; and any enhancement prescribed by statute is disregarded for purposes of determining the statute of limitations. (§ 805, subd. (a).)

For purposes of determining when the statute of limitations begins to run, an action is "commenced" when any of the following occurs: "(a) An indictment or information is filed. [¶] (b) A complaint is filed charging a misdemeanor or infraction.

---

[3] A violation of section 186.22, subdivision (a) carries a maximum prison term of three years and a violation of section 273a, subdivision (a) carries a maximum prison term of six years.

2

[¶]  (c) The defendant is arraigned on a complaint that charges the defendant with a felony.  [¶]  (d) An arrest warrant or bench warrant is issued, provided the warrant names or describes the defendant with the same degree of particularity required for an indictment, information, or complaint."  (§ 804.)

With this background in mind, we turn to the procedural history of this case.  We note that the facts underlying appellant's convictions are not relevant to the issues on appeal, except to note that appellant, who was a passenger in a car, shot at another car in which John and Jane Doe and Baby Doe were traveling.

According to the probation officer's report, appellant was arrested on April 3, 2005, pursuant to an "outstanding warrant."[4]  However, appellant was not arraigned on the first amended complaint immediately because he was "mistakenly released" from the Monterey County jail on April 4, 2005, and absconded.  No arrest warrant for this case appears in the record, although in the original complaint and the first amended complaint the following appears:  "That attached hereto and by this reference incorporated herein is a declaration setting forth facts in support of probable cause for the issuance of warrant of arrest herein."

On October 29, 2010, Merced police officers apprehended appellant.  On September 7, 2011, the Monterey County District Attorney filed a request to have this case put on calendar on September 29, 2011; the case was set for arraignment on the "Warrant of arrest on Thursday, September 29, 2011."  Appellant was arraigned that day.

After appellant waived a preliminary hearing, on April 18, 2012, the Monterey County District Attorney filed an information in which appellant was charged with the same five counts that were in the first amended complaint and the same allegations were alleged.  Eventually, the case was set for a court trial, which commenced on

---

[4]     The probation officer's report states the date as April 3, 2012, but based on the rest of the report it appears that this is a typographical error.

3

January 9, 2013.  In exchange for appellant's waiving his right to a jury trial, the district attorney agreed that "No special allegations re: life term will be pursued . . . ."

Accordingly, on the first day of trial, the Monterey County District Attorney filed an amended information in which appellant was charged with three counts of assault with a firearm (§ 245, subd. (a)(2), counts one, two and three), each with a gang allegation (§ 186.22, subd. (b)(1)) and use of a firearm allegation (§ 12022.5, subd. (a)); one count of shooting at an occupied motor vehicle (§ 246, count four), but with no section 186.22, subdivision (b) gang allegation; and one count of street terrorism (§ 186.22, subd. (a), count five).  The amended information contained an allegation that during the commission of the crimes, appellant was out on bail (§ 12022.1); that appellant had a prior conviction for shooting at an inhabited building within the meaning of section 1170.12, subdivision (c)(1), which was also alleged as a prior serious felony conviction within the meaning of section 667, subdivision (a)(1); and that appellant had served a prior prison term within the meaning of section 667.5, subdivision (b).

Ultimately, the court found appellant guilty as charged and found true all the gang allegations, use of a firearm allegations and the sections 1170.12 and 667, subdivision (a)(1) allegations.  With respect to the prior prison term allegation (§ 667.5, subd. (b)), the court found that it had not been proven.

On April 2, 2013, the court denied appellant's motion for a new trial and his *Romero* motion.  Originally, the court sentenced appellant to 27 years in state prison by staying the enhancement alleged under section 667, subdivision (b).  However, after the prosecutor sought correction of the sentence by pointing out that the section 667, subdivision (b) enhancement could not be stayed,[5] the court resentenced appellant to

---

[5]    Section 667, subdivision (c) and section 1385, subdivision (a) expressly prohibit the court from dismissing, staying, or striking the five-year enhancement for a defendant's prior conviction for a serious felony.

32 years in state prison; this included a two-year consecutive sentence in appellant's Merced County Superior Court case No. CRM013727.

*Discussion*

*Statute of Limitations*

Appellant argues that the prosecution on counts three and five of the amended information was time barred by the statute of limitations. Appellant requests that we remand this case for a hearing on this issue. Respondent joins in asking that this court remand the matter for a hearing on the applicability of the statute-of-limitations bar to the prosecution of counts three and five.[6]

"For over 60 years, [the California Supreme Court has] described the statute of limitations as limiting the court's subject matter jurisdiction and said that trial courts could not proceed in a time-barred case. [Citations.] Accordingly, '[the California Supreme Court] and the Courts of Appeal have repeatedly held that a defendant may assert the statute of limitations at any time.' (*Cowan v. Superior Court* (1996) 14 Cal.4th 367, 371 (*Cowan*).) In *Cowan*, [the California Supreme Court] adjusted the rationale of these cases, although not their holdings, to accommodate a situation they did not anticipate. [The California Supreme Court] held that the defendant 'may expressly waive the statute of limitations when . . . the waiver is for his benefit' [citation] and overruled language in prior cases 'to the extent it suggests a court lacks fundamental subject matter jurisdiction over a time-barred criminal action.' [Citation.]" (*People v. Williams* (1999)

---

[6] At first glance, after amendment, all charges in the information appear to be time-barred unless the three-year statute of limitations was tolled or waived. Assault with a firearm carries a maximum prison term of four years (§ 245, subd. (a)(2)), and shooting at an occupied vehicle a maximum prison term of seven years. (§246.) However, counts one, two, and four of the amended information were reduced from life terms to a term of less than eight years with appellant's agreement. The reduction benefitted appellant. Since appellant acquiesced in reducing the charges in counts one, two, and four for a substantial benefit, the statute of limitations would be impliedly waived under the reasoning of *Cowan v. Superior Court*, *supra*, 14 Cal.4th at pages 372 through 373.

5

21 Cal.4th 335, 337-338 (*Williams*).)  In *Williams*, the California Supreme Court concluded that a "defendant may not inadvertently forfeit the statute of limitations and be convicted of a time-barred offense." (*Id*. at p. 338.)  Further, the *Williams* court concluded that "if the charging document indicates on its face that the charge is untimely, absent an express waiver, a defendant convicted of that charge may raise the statute of limitations at any time." (*Ibid*.)

As appellant points out, the charges in counts three and five of the amended information were based on previous counts that were subject to the three-year statute of limitations. The assault charge in count three was predicated on the acts first alleged as child endangerment in count four of the first amended complaint; and the street terrorism charge in count five was alleged as count five in the first amended complaint. As noted *ante* in footnote two, both the child endangerment and the street terrorism counts carried maximum prison terms of less than eight years. Thus, the three-year statute of limitations of section 801 applied.

The statute of limitations is tolled only as provided by statute (§ 803, subd. (a)). Aside from cases involving fraud, sex crimes, out-of-state defendants, reasonably undiscovered crimes, DNA discoveries and charges dependent on privilege evidence, the statute is tolled only while prosecution of the same person for the same conduct is pending in the state. (§ 803, subd. (b).)

As a reviewing court we may examine the entire record to determine whether the statute of limitations had been met or tolled. (*People v. Smith* (2002) 98 Cal.App.4th 1182, 1193.) When a defendant raises the issue of the statute of limitations for the first time on appeal, the question is whether the record demonstrates that the crime charged actually fell within the statute. (*Ibid*.)

The record shows that the events underlying this case occurred on April 2, 2005. Thus, the prosecution for counts three and five would have had to commence on April 2, 2008, to avoid being barred by the statute of limitations. Although a criminal complaint

was timely filed, "[t]he filing of a criminal complaint does not generally commence the prosecution of a felony for statute of limitation purposes and, unless a formal arrest warrant issues . . . the statute of limitation ordinarily continues to run until an information is filed. (§§ 803, 804.)" (*People v. Terry* (2005) 127 Cal.App.4th 750, 764.) Further, as noted, *ante*, appellant was not arraigned on the first amended complaint (an event that would have commenced the prosecution pursuant to § 804, subd. (c) until September 29, 2011.

In this case the information, which again would have commenced the prosecution for statute of limitations purposes (§ 804, subd. (a)), was not filed until April 18, 2012, well outside the time when prosecution for counts three and five should have commenced.

The issuance of an arrest warrant is an event that "commences" or starts a time period during which the running of the limitations period is tolled or halted. (*Williams*, *supra*, 21 Cal.4th at p. 345.) Section 804, subdivision (d) requires proof that an arrest warrant was issued and that it "names or describes the defendant with the same degree of particularity required for an indictment, information, or complaint." (*Williams*, *supra*, at p. 345.)[7] Appellant is correct that the record contains no proof that a timely arrest warrant issued to toll the statute of limitations. As the court explained in *Williams*, "the prosecutor has full control over the charging document. Here, the district attorney could easily have alleged in the information . . . that an arrest warrant issued before the time period had expired . . . . The silent record is partly the defendant's fault for not raising the issue at trial. It was, however, the prosecution's fault in the first instance for filing an information that, on its face, was untimely. In that situation, the fairest solution is to

---

[7] An arrest warrant must "specify the name of the defendant," "the time of issuing it," "the city or county where it issued," and shall be signed by the "issuing authority." (§ 815.) The warrant must "truly name" the person charged, or "describe him sufficiently to identify him." (*People v. Robinson* (2010) 47 Cal.4th 1104, 1131, 1133.)

7

remand the matter to determine whether the action is, in fact, timely." (*Williams*, *supra*, at p. 345.)

*Custody Credits*

At sentencing, the court "recomputed as a subordinate term" the sentence in appellant's case out of Merced County Superior Court case No. CRM013727. The court did not award appellant custody credits in that case. Instead, the court was under the impression that "those are computed by the California Department of Corrections and Rehabilitation."

Appellant argues that the abstract of judgment must be corrected to include all the time credits on both cases. Respondent agrees.

Section 2900.1 provides: "Where a defendant has served any portion of his sentence under a commitment based upon a judgment which judgment is subsequently declared invalid or which is modified during the term of imprisonment, *such time shall be credited upon any subsequent sentence he may receive upon a new commitment for the same criminal act or acts.*" (Italics added.)

In explaining the application of section 2900.1, the Supreme Court in *People v. Buckhalter* (2001) 26 Cal.4th 20 (*Buckhalter*) held, "[W]hen a prison term already in progress is modified as the result of an appellate sentence remand, the sentencing court must recalculate and credit against the modified sentence *all actual time* the defendant has already served, whether in jail or prison,[8] and whether before or since he was originally committed and delivered to prison custody." (*Id*. at p. 29.)

"Although *Buckhalter* is not directly on point because it concerns the modification of a defendant's sentence 'as the result of an appellate sentence remand' [citation], the same principles would appear to apply when a trial court resentences a defendant

---

8       When a state prisoner is temporarily away from prison to permit court appearances, he remains in the constructive custody of prison authorities. (*Buckhalter*, *supra*, 26 Cal.4th at p. 33.)

pursuant to California Rules of Court, rule 4.452.  Certainly, a court can be considered to have modified a defendant's original sentence when the court resentences that defendant to a single aggregate term pursuant to rule 4.452.  Therefore, under section 2900.1, which specifies that when a sentence is modified while in progress, the 'time' already served ' "shall be credited upon any subsequent sentence [the defendant] may receive upon a new commitment for the same criminal act or acts," ' the trial court should, 'in its new abstract of judgment, . . . credit him with all *actual* days he had spent in custody, whether in jail or prison, up to that time' [citation]."  (*People v. Saibu* (2011) 191 Cal.App.4th 1005, 1012.)

It appears that appellant served a portion of his sentence in the Merced County case before the court sentenced him to a single aggregate term in this case and the Merced County case.[9]  Having modified appellant's sentence the trial court should have determined all days appellant spent in custody whether in jail or prison, and awarded such credits in the new abstract of judgment.  (*Buckhalter*, *supra*, 26 Cal.4th at p. 41; *People v. Saibu*, *supra*, 191 Cal.App.4th at p. 1013.)

Accordingly, we will direct the trial court to amend the abstract of judgment to reflect not only the presentence custody credits that appellant earned in this case, but also the number of days that appellant served in the actual and constructive custody of the Director of the Department of Corrections and Rehabilitation.

---

[9] According to the probation officer's report, on August 8, 2011, appellant was sentenced to a four year eight months prison sentence in Merced County after being convicted of several felony violations of the Vehicle Code in case No. CRM013727.  The probation officer's report indicates that appellant was in the Monterey County jail from September 28, 2011, until March 26, 2013; accordingly, we must assume that he spent some time in prison on the Merced County case before being transferred to Monterey County.

*Disposition*

The judgment is reversed, and the matter is remanded to the lower court to determine whether the prosecution on counts three and five was time-barred. The trial court shall prepare a new abstract of judgment that reflects not only the presentence custody credits that appellant earned in this case, but also the number of days that appellant served in the actual and constructive custody of the Director of the Department of Corrections and Rehabilitation.

_____

ELIA, J.

WE CONCUR:

_____

PREMO, Acting P. J.

_____

MIHARA, J.