Filed 5/20/15  P. v. Aguilar CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>HECTOR RAFAEL AGUILAR,<br><br>    Defendant and Appellant. | H040199<br>(Santa Clara County<br>Super. Ct. No. C1229100)<br><br>ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING, NO CHANGE IN JUDGMENT |

BY THE COURT:

It is ordered the opinion filed herein on April 30, 2015, be modified as follows:

On page 2, first full paragraph, in the third sentence beginning with "Victim one testified that . . . ," after "before he left for work" add "and again 'when he would get home.' "

On page 5, last paragraph, in the second sentence beginning with "While she testified that he sometimes . . . ," after the comma add "she said."

On page 6, footnote 3, delete the fourth sentence that starts with "That conduct was the . . . ."

On page 6, footnote 3, replace the third sentence that starts with "Victim one testified that" with the following:

Victim one testified that one type of touching--vaginal touching--occurred between five and 20 times.

On page 6, insert the following footnote after the first full sentence, which starts with "And while she occasionally . . .":

Aguilar's son Antonio testified that Aguilar began spending Monday through Thursday nights at his mother's as early as 2000. We take judicial notice of the January 2002 calendar. There were seven weekend days, four Fridays, and three Mondays between January 1 and 26, 2002. Even assuming that, in January 2002, Aguilar was not at home with victim one between Monday mornings when he left for work and Friday evenings when he returned home, he had 14 days on which to touch her. If she stayed with her grandparents on even two of those weekends, Aguilar had more than four days on which to touch victim one's breasts.

There is no change in judgment. The petition for rehearing is denied.

Dated:_____

_____
Premo, J.

_____
Rushing, P.J.

_____
Elia, J.

Filed 4/30/15 (unmodified version)
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H040199 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1229100) |
| v. | |
| HECTOR RAFAEL AGUILAR, | |
| Defendant and Appellant. | |

A jury convicted defendant Hector Rafael Aguilar of 21 counts of child sexual abuse against his two step-daughters. On appeal, Aguilar argues charges resulting in his convictions for four counts of lewd or lascivious acts on a child were barred by the statute of limitations. We disagree and affirm.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The Santa Clara County District Attorney filed a 22-count information against Aguilar on August 9, 2012. As to victim one, Aguilar's step-daughter, the information charged him with two counts of aggravated sexual assault on a child by rape (Pen. Code, § 269, counts 1-2),[1] four counts of aggravated sexual assault on a child by penetration by foreign object (*ibid*., counts 3-6), eight counts of forcible lewd or lascivious acts on a child (§ 288, subd. (b)(1), counts 7-14), and four counts of lewd or lascivious acts on a child age 14 or 15 (*id*., subd. (c)(1), counts 15-18). As to victim two, another of Aguilar's step-daughters, the information charged Aguilar with three counts of forcible

_____
[1] All further statutory references are to the Penal Code unless otherwise stated.

lewd or lascivious acts on a child (*id*., subd. (b)(1), counts 19-21). Count 22 charged one lewd or lascivious act with a child age 14 or 15 (*id*., subd. (c)(1)) on victim three, Aguilar's biological daughter. At issue here are counts 15 through 18, which charged four lewd or lascivious acts on victim one when she was age 14 or 15 committed on or between January 27, 2000 and January 26, 2002.

At trial, victim one testified that Aguilar began molesting her in 1996. From the time the molestation began in 1996 until victim one moved out of the house in 2004, Aguilar touched her "at least . . . once a day." In March 2000, when victim one was 14 years old, the family moved from San Jose to Los Banos. Victim one testified that while they were living in Los Banos Aguilar touched her breasts "every day" in the morning before he left for work. On cross-examination, victim one acknowledged that in 2003 and 2004 Aguilar sometimes stayed overnight at his mother's house. She further acknowledged that she stayed with her grandparents for a couple of weeks in the summers and sometimes on weekends and holidays.

Aguilar testified that he never molested any of the victims.

The jury found Aguilar guilty of all of the charges involving victim one and victim two. The jury found true that the offenses against victim one charged in counts 7 through 18 were committed when victim one was "under the age of 18" and that "prosecution commenced" prior to victim one's 28th birthday. Jurors were unable to reach a verdict on count 22, involving victim three.

Aguilar was sentenced on September 24, 2013, to indeterminate terms of 15 years to life on counts 1 through 14 and counts 19 though 21, for a total indeterminate term of 255 years to life. On counts 15 through 18, the trial court imposed a consecutive term of four years. Specifically, the court imposed the two-year, mid-term sentence on count 15 and consecutive eight month terms for counts 16 through 18.

Aguilar timely appealed on September 24, 2013.

2

## II.    DISCUSSION

Aguilar contends his prosecution for violating section 288, subdivision (c)(1) between January 27, 2000 and January 26, 2002, as alleged in counts 15 through 18, was barred by the statute of limitations.  The People respond that Aguilar forfeited the statute of limitations issue and that, in any event, the prosecution was not time-barred.

### A.    *Forfeiture*

Our Supreme Court has held that "if the charging document indicates on its face that the charge is untimely, absent an express waiver, a defendant convicted of that charge may raise the statute of limitations at any time." (*People v. Williams* (1999) 21 Cal.4th 335, 338.)  Here, the information alleges the conduct charged in counts 15 through 18 occurred between January 27, 2000 and January 26, 2002.  As discussed below, the prosecution was timely for acts committed in a portion of that time period only (January 1, 2002 to January 26, 2002).  We shall assume for purposes of this appeal that the information indicated on its face that the charged offenses were time-barred and will reach the merits of Aguilar's limitations argument.  (*People v. Ortega* (2013) 218 Cal.App.4th 1418, 1428 (*Ortega*) [declining to decide whether the information adequately alleged that the action was timely].)

### B.    *Analysis*

A violation of section 288, subdivision (c), is punishable by a maximum of three years in state prison.  (§ 288, subd. (c).)  Prosecution for an offense punishable by imprisonment in the state prison for less than eight years must commence within three years after commission of the offense.  (§ 801 [imposing three-year limitations period for offenses "punishable by imprisonment in the state prison or pursuant to subdivision (h) of Section 1170"]; § 800 [imposing six-year limitations period for offenses "punishable by imprisonment in the state prison for eight years or more or by imprisonment pursuant to subdivision (h) of Section 1170 for eight years or more"].)  As the People explain, until

3

2005, the section 801 three-year statute of limitations applied to violations of section 288, subdivision (c).

Effective January 1, 2005, section 801.1 extended to 10 years the statute of limitations for certain enumerated sex crimes against minors, including violations of section 288.[2]  That extension applied to section 288, subdivision (c) prosecutions that were not yet time-barred--specifically, those for conduct that occurred on or after January 1, 2002.  (*People v. Simmons* (2012) 210 Cal.App.4th 778, 789 (*Simmons*) ["extended limitations period [in section 801.1] applies to defendant's violation of section 288.2, subdivision (a), only if the prior three-year limitations period did not expire before January 1, 2005"]; *Stogner v. California* (2003) 539 U.S. 607, 618-619 [no ex post facto violation if limitations period is extended before current period expires].)  The statute of limitations already had run on section 288, subdivision (c) violations committed before January 1, 2002.

The applicable statute of limitations was extended once again when section 801.1 was amended effective January 1, 2006.  That version of section 801.1, subdivision (a) provided:  "Notwithstanding any other limitation of time described in this chapter, prosecution for a felony offense described in Section . . . 288, . . . that is alleged to have been committed when the victim was under the age of 18 years, may be commenced any time prior to the victim's 28th birthday."  (Stats. 2005, ch. 479, § 2, p. 3791.)

Aguilar was prosecuted for violating section 288, subdivision (c) four times between January 27, 2000 and January 26, 2002.  As discussed above, the limitations period on any violations committed before January 1, 2002, expired before the original

---

[2] The 2005 version of section 801.1 provided:  "Notwithstanding any other limitation of time described in this chapter, prosecution for a felony offense described in subparagraph (A) of paragraph (2) of subdivision (a) of Section 290 shall be commenced within 10 years after commission of the offense."  (Stats. 2004, ch. 368, § 1, p. 3470.)  A violation of section 288 is listed in section 290, former subdivision (a)(2)(A), now subdivision (c).  (Stats. 2005, ch. 704, § 1; § 290, subd. (c).)

three-year statute of limitations was extended on January 1, 2005 and well before the prosecution commenced on August 9, 2012. (*Ortega*, *supra*, 218 Cal.App.4th at p. 1428 [prosecution is commenced when an information is filed].) The limitations period on any violations committed between January 1, 2002 and January 26, 2002, was extended first to 10 years and then to any time prior to victim one's 28th birthday on January 27, 2014. Accordingly, the prosecution was time-barred as to section 288, subdivision (c) violations committed between January 27, 2000 (the earliest date alleged in the information) and December 31, 2001, but timely as to violations committed between January 1, 2002 and January 26, 2002 (the latest date alleged in the information).

Aguilar argues we must look to the first date in the date range alleged in counts 15 through 18--January 27, 2000--in assessing the statute of limitations issue. The People contend "the statute of limitations may be measured from the later date within the charged period where it can be ascertained from the record that the jury based its decision on conduct occurring throughout the specified period, and there is evidence that the criminal conduct occurred throughout the charged period." We do not agree with either of these characterization of the governing law.

Rather than focusing on either the first or last date within the charged period, "our task is to determine whether the record shows, as a matter of law," that the prosecution was timely. (*Ortega*, *supra*, 218 Cal.App.4th at p. 1431; *People v. Smith* (2002) 98 Cal.App.4th 1182, 1189 (*Smith*) ["defendant's convictions . . . will stand if the reviewing court can determine from the available record . . . that the action is not time-barred"].) Here, the prosecution was timely if the record shows Aguilar violated section 288, subdivision (c) four times between January 1, 2002 and January 26, 2002 (i.e., during the portion of the alleged date range for which the limitations period had not run when the prosecution commenced). It does.

Victim one testified that Aguilar touched her breasts every day between March 2000 and 2004. While she testified that he sometimes stayed with his mother, he did so

5

in 2003 and 2004, outside the relevant time period. And while she occasionally stayed with her grandparents, that was only in the summers and on some weekends and holidays. "[T]he evidence presented the jury with an all-or-nothing proposition--between [March 2000 and 2004], defendant committed lewd acts [daily when he and victim one were at the Los Banos home], or not at all. It afforded no basis for a finding that he committed lewd acts . . . [between January 27, 2000 and December 31, 2001], but not . . . [between January 1, 2002 and January 26, 2002]." (*Ortega*, *supra*, 218 Cal.App.4th at p. 1432.) In convicting Aguilar of the charged offenses, the jury necessarily accepted victim one's version of events over Aguilar's. Given victim one's testimony about daily molestations throughout 2002, at least four violations of section 288, subdivision (c) were committed between January 1, 2002 and January 26, 2002.[3] Accordingly, Aguilar's prosecution for counts 15 through 18 was timely. (*Smith*, *supra*, 98 Cal.App.4th at pp. 1188-1190 [evidence showed the defendant had committed at least one other violation of § 288 or § 288.5 within the six-year limitation period where victim testified to hundreds of acts including many during the requisite time period]; *Ortega*, *supra*, at p. 1431 [when range of dates is alleged, some within and some outside statute of limitations, victim's testimony about weekly molestations sufficient to show defendant committed at least six acts in a particular year].)

Aguilar relies on *People v. Angel* (1999) 70 Cal.App.4th 1141 (*Angel*) and *Simmons*, *supra*, 210 Cal.App.4th 778 for what he terms "the earliest-date plead rule." Neither case persuades us to adopt such a rule.

---

[3] Aguilar contends victim one's testimony as to the frequency of the acts charged in counts 15 through 18 was inconsistent, asserting she "said there were time periods when . . . [the touching] was as infrequent as 5 to 20 times in four years." That argument misrepresents victim one's testimony. Victim one testified that Aguilar put his fingers inside her vagina between five and 20 times. That conduct was the basis for counts 4 through 6, not counts 15 through 18.

In *Simmons*, the "defendant was alleged to have violated section 288.2, subdivision (a), between February 9, 1999, and February 9, 2000." (*Simmons*, *supra*, 210 Cal.App.4th at p. 789.) A three-year limitations period applied to the crime until January 1, 2005, at which time the limitations period was extended to 10 years by section 801.1. (*Simmons*, *supra*, at p. 789.) In concluding the prosecution was time-barred, the court reasoned: "The People presented substantial evidence that the crime occurred sometime [between February 9, 1999, and February 9, 2000], but not precisely when. Because the crime could have been committed as early as February 9, 1999, the three-year statute of limitations expired on February 9, 2002, well before the effective date of section 801.1, subdivision (b)." (*Ibid*.) We do not find *Simmons* persuasive for two reasons. First, unlike here, there was no evidence the defendant had committed violations regularly throughout the requisite time period. Second, the prosecution was untimely in *Simmons* regardless of what date in the alleged date range was used. Even if the crime had been committed on February 9, 2000, the latest date alleged, the prosecution would have been time-barred because the three-year statute of limitations would have expired on February 9, 2003, before the January 1, 2005 effective date of section 801.1.

In *Angel*, the defendant was charged with multiple sex offenses against a child, including two counts allegedly committed in July 1989. (*Angel*, *supra*, 70 Cal.App.4th at p. 1146.) "[A]ny offenses . . . committed before July 20, 1989, [were] time-barred." (*Ibid*.) The court concluded prosecution for the July 1989 offenses was untimely because it was unclear from the evidence whether those offenses "occurred before or after the limitations period expired." (*Id*. at p. 1147.) *Angel* is distinguishable on the facts. There, the victim testified that the defendant molested her at least once a month. (*Id*. at p. 1144.) Thus, the record evidence did not show a molestation occurred in the necessary timeframe--between July 20 and 31, 1989. (*Ortega*, *supra*, 218 Cal.App.4th at p. 1432.) "Here, by contrast, [victim one] testified that defendant was molesting her [daily]; this necessarily means that he did molest her at least [four] times [between January 1, 2002

7

and January 26, 2002].” (*Ibid*.)  In any event, as this court noted in *Smith*, “[t]o the extent the *Angel* decision contradicts our analysis or conclusions, we respectfully disagree with it.  In that regard, we note that the *Angel* court did not have the benefit of the analysis and holding of the pertinent Supreme Court case, given its decision predated *Williams* by several months.”  (*Smith*, *supra*, 98 Cal.App.4th at p. 1192.)

Having found Aguilar’s statute of limitations challenge to be meritless, we must reject his contention he received ineffective assistance of counsel as a result of trial counsel’s failure to raise the statute of limitations issue below.  A claim of ineffective assistance of counsel in violation of the Sixth Amendment entails deficient performance under an objective standard of professional reasonableness and prejudice under a test of reasonable probability of an adverse effect on the outcome.  (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 694.)  Aguilar was not prejudiced by trial counsel’s failure to raise the statute of limitations issue because, for the reasons discussed above, there is no reasonable possibility the jury would not have concluded Aguilar committed all four lewd acts between January 1, 2002 and January 26, 2002.

## III.    DISPOSITION

The judgment is affirmed.

8

_____
Premo, J.

WE CONCUR:

_____
Rushing, P.J.

_____
Elia, J.